IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Gibson Guitar Corporation,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Civil Action No. ) ) Jury Demand ) |
| **Wal-Mart Stores Inc., Target Corporation, Kmart Corporation, Amazon.com, Inc., GameStop Corporation, Toys-R-Us, Inc.,** | ) ) ) ) |
| **Defendant.** | ) ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Gibson Guitar Corporation, complaining of the Defendants herein, demands a jury trial and alleges as follows:

### THE PARTIES

1. Plaintiff, Gibson Guitar Corporation ("Gibson" or "Plaintiff"), is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 309 Plus Park Boulevard, Nashville, TN 37217.

2. Upon information and belief, Defendant Wal-Mart Stores Inc. ("Wal-Mart") is a corporation organized under the laws of the State of Delaware, having its principal place of business at 702 SW Eighth Street, Bentonville, Arkansas 72716.

3. Upon information and belief, Defendant Target Corporation ("Target") is an entity existing under the laws of the State of Minnesota, with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

NY 71337335v1

4. Upon information and belief, Defendant Kmart Corporation ("Kmart") is a corporation organized under the laws of the State of Michigan, with a principal place of business at 3333 Beverly Rd., Hoffman Est., IL, 60179.

5. Upon information and belief, Defendant Amazon.com, Inc. ("Amazon") is a corporation organized under the laws of the State of Delaware, with a principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, WA 98144.

6. Upon information and belief, Defendant GameStop, Inc. ("GameStop") is a corporation organized under the laws of the State of Delaware, with a principal place of business at 625 Westport Parkway, Grapevine, TX 76051.

7. Upon information and belief, Defendant Toys-R-US, Inc. ("Toys-R-Us") is a corporation organized under the laws of the State of Delaware, with a principal place of business at 1 Geoffrey Way, Wayne, New Jersey 07470.

8. Wal-Mart, Target, Kmart, Amazon, GameStop, Toys-R-Us are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§1331, 1338(a) and 35 U.S.C. §271 et seq.

10. This Court has personal jurisdiction over Wal-Mart by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because Wal-Mart has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the

United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

11. This Court has personal jurisdiction over Target by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because Target has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

12. This Court has personal jurisdiction over Kmart by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because Kmart has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

13. This Court has personal jurisdiction over Amazon by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because Amazon has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

14. This Court has personal jurisdiction over GameStop by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because GameStop

has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

15. This Court has personal jurisdiction over Toys-R-Us by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because Toys-R-Us has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

## GENERAL ALLEGATIONS

16. Plaintiff Gibson is engaged in the business of developing, manufacturing and selling, musical instruments and related equipment and systems, including but not limited to electric guitars and acoustic guitars under the famous trademark Gibson® as well as other trademarks.

17. Gibson has been is the business of making guitars for over one hundred years. Gibson guitars are sold worldwide, have worldwide recognition and have won awards for their design.

18. Gibson is also is engaged in the business of developing, manufacturing and selling, selling music playing devices, systems and amplifiers, under various trademarks, but most notably, under the famous Wurlitzer® trademark.

19. Gibson is the owner of United States Patent No. 5,990,405 entitled "System And Method For Generating And Controlling A Simulated Musical Concert Experience," which

4

NY 71337335v1

Case 3:08-cv-00279   Document 1   Filed 03/17/2008   Page 4 of 8

issued on November 23, 1999 (the '405 Patent). The inventors of the '405 Patent are Don R. Auten, of Nashville, Tennessee, Richard T. Akers of Antioch, Tennessee and Richard Gembar of Mount Juliet, Tennessee. This patent claims systems and apparatuses for electronically simulating participation in a musical performance. A copy of the '405 Patent is attached hereto at Exhibit 1 and is incorporated by reference.

## THE INFRINGING PRODUCTS AT ISSUE

20. Defendants have and continue to manufacture and/or sell products that infringe, contribute to the infringement of and/or induce the infringement of at least claims 1, 13-15, 25 and 28 of the '405 Patent and/or have no other substantial non-infringing uses.

21. Among the products sold by Defendants' that infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent a series of video games sold under the tradename, "Guitar Hero®." Various versions of the Guitar Hero® series of video games include but may not be limited to, "Guitar Hero®" (Version I), "Guitar Hero® II", "Guitar Hero® III, Legends of Rock," and "Guitar Hero® Encore: Rock the 80's" designed for use with video game consoles, including but not limited to Nintendo Wii, Sony Playstation 2, Sony Playstation 3, and XBOX360. Various Guitar Hero® "bundles" sold by the Defendants include a version of the Guitar Hero® and components including but not limited to guitar style instruments. Defendants also sell video displays, video game consoles, and audio equipment that can be part of systems that infringe the '405 Patent. (collectively "Guitar Hero Products")

22. Upon information and belief, Defendants sell Guitar Hero Products into this district at least via their websites.

23. Upon information and belief, Defendants Walmart, Target, K-mart, GameStop and Toy-R-US maintain physical stores that sell Guitar Hero Products in the United States including in Nashville, Tennessee.

24. Upon information and belief, Defendants sell other products that infringe the claims of the '405 Patent both through their websites and in their physical stores in the case of Defendants that maintain physical stores.

## COUNT I FOR PATENT INFRINGEMENT

25. Plaintiff Gibson repeats and realleges each and every allegation of paragraphs 1-26 as though fully set forth herein.

26. Upon information and belief, Defendants have either directly infringed, committed contributory infringement of, or induced infringement of, and continue to directly infringe, commit contributory infringement of, or induce infringement of the '405 Patent.

27. The aforesaid past acts and continuing acts of Defendants constitute willful infringement and/or if continued will constitute willful infringement of the '405 patent.

28. The aforesaid past acts and continuing acts of Defendants are in violation of 35 U.S.C. §271 et seq. of the Patent Act.

29. Gibson has been damaged and will continue to be damaged by the aforesaid infringement unless Defendants are enjoined, preliminarily and permanently, from selling and offering for sale infringing products or otherwise inducing or contributing to the infringement of the '405 Patent. Gibson has no adequate remedy at law.

WHEREFORE, plaintiff prays for the following relief:

a) That the Defendants be adjudged to have infringed United States Patent No. 5,990,405;

b) That such infringement be deemed willful where appropriate;

c) that Defendants, their respective officers, agents, servants, employees and attorneys and all persons in active concert or in participation with them who receive actual notice of the order by personal service or otherwise, be preliminarily and permanently enjoined and restrained from infringing, contributing to infringement and inducing others to infringe the subject patent;

d) that Plaintiff be awarded its damages by reason of Defendants infringement of the subject patent;

e) that this case be deemed an exceptional case under 35 U.S.C. § 285 and plaintiff be awarded attorney fees and treble damages;

f) that Plaintiff be awarded its costs and expenses including reasonable attorney fees; and

g) that Plaintiff have such other and further relief which the Court may deem just or proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Gibson hereby demands a trial by jury of all issues so triable.

Dated: Nashville, Tennessee
       March 17, 2008

                                                  Respectfully submitted,

                                                  /s/ Douglas R. Pierce
                                                  Douglas R. Pierce (No. 010084)
                                                  King & Ballow
                                                  315 Union Street, Suite 1100
                                                  Nashville, Tennessee  37201
                                                  (T):  (615) 726-5521
                                                  (F):  (615) 726-5419


                                                  OF COUNSEL:


                                                  STROOCK & STROOCK & LAVAN LLP
                                                  Matthew W. Siegal
                                                  Richard Eskew
                                                  Jason M. Sobel
                                                  180 Maiden Lane
                                                  New York, New York 10038-4982
                                                  212-806-5400

                                                  Attorneys for Plaintiff
                                                  Gibson Guitar Corporation