**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| **Gibson Guitar Corp.,** )<br>)<br>   **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**Wal-Mart Stores Inc., Target Corporation, Kmart** )<br>**Corporation, Sears, Roebuck & Co.,** )<br>**Amazon.com, Inc., GameStop Corp.,** )<br>**Toys-R-Us, Inc., Harmonix Music Systems, Inc.,** )<br>**MTV (a division of Viacom International, Inc.),** )<br>**and Electronic Arts, Inc.,** )<br>)<br>   **Defendants.** ) | **Civil Action No. 3:08-0279**<br><br>**Judge Wiseman**<br>**Magistrate Judge Griffin** |

_____

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
_____

Plaintiff, Gibson Guitar Corp., complaining of the Defendants herein, demands a jury trial and alleges as follows:

**THE PARTIES**

1. Plaintiff, Gibson Guitar Corp. ("Gibson" or "Plaintiff"), is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 309 Plus Park Boulevard, Nashville, TN 37217.

2. Upon information and belief, Defendant Wal-Mart Stores Inc. ("Wal-Mart") is a corporation organized under the laws of the State of Delaware, having its principal place of business at 702 SW Eighth Street, Bentonville, Arkansas 72716.

NY 71371797v3

3. Upon information and belief, Defendant Target Corporation ("Target") is an entity existing under the laws of the State of Minnesota, with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

4. Upon information and belief, Defendant Kmart Corporation ("Kmart") is a corporation organized under the laws of the State of Michigan, with a principal place of business at 3100 W Big Beaver Road, Troy, Michigan 48084.

5. Upon information and belief, Defendant Sears, Roebuck & Co. ("Sears") is a corporation organized under the laws of the State of New York, with a principal place of business at 3333 Beverly Rd, B2-130B, Hoffman Estates, Illinois, 60179.

6. Upon information and belief, Defendant Amazon.com, Inc. ("Amazon") is a corporation organized under the laws of the State of Delaware, with a principal place of business at 1200 12th Avenue South, Suite 1200, Seattle, WA 98144.

7. Upon information and belief, Defendant GameStop, Corp. ("GameStop") is a corporation organized under the laws of the State of Delaware, with a principal place of business at 625 Westport Parkway, Grapevine, TX 76051.

8. Upon information and belief, Defendant Toys-R-Us, Inc. ("Toys-R-Us") is a corporation organized under the laws of the State of Delaware, with a principal place of business at 1 Geoffrey Way, Wayne, New Jersey 07470.

9. Wal-Mart, Target, Kmart, Sears, Amazon, GameStop, Toys-R-Us are collectively referred to herein as the "Retail Defendants."

10. Upon information and belief, Defendant Harmonix Music Systems, Inc. ("Harmonix") is a corporation organized under the laws of the State of Delaware, with a principal place of business at 625 Massachusetts Avenue, Cambridge, MA 02139.

11. Upon information and belief, Defendant MTV Networks ("MTV") is a division of Viacom International, Inc., which is a corporation organized under the laws of the State of Delaware, with a principal place of business at 1515 Broadway, New York, NY 10036.

12. Upon information and belief, Defendant Electronic Arts, Inc. ("EA") is a corporation organized under the laws of the State of Delaware, with a principal place of business at 209 Redwood Shores Parkway, Redwood City, California 94065.

13. Wal-Mart, Target, Kmart, Sears, Amazon, GameStop, Toys-R-Us, Harmonix, MTV, and EA are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1338(a) and 35 U.S.C. §271 et seq.

15. This Court has personal jurisdiction over Wal-Mart by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because Wal-Mart has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

16. This Court has personal jurisdiction over Target by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because Target has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

17. This Court has personal jurisdiction over Kmart by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because Kmart has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

18. This Court has personal jurisdiction over Sears by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because Sears has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

NY 71371797v3

19. This Court has personal jurisdiction over Amazon by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because Amazon has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

20. This Court has personal jurisdiction over GameStop by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because GameStop has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

21. This Court has personal jurisdiction over Toys-R-Us by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because Toys-R-Us has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

NY 71371797v3

22. This Court has personal jurisdiction over Harmonix by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because Harmonix has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

23. This Court has personal jurisdiction over MTV by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because MTV has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

24. This Court has personal jurisdiction over EA by reason of its presence in the State of Tennessee, its sufficient contacts to the State of Tennessee and/or because EA has committed and continues to commit, has contributed and continues to contribute to, and has induced and continues to induce acts of patent infringement in this district and throughout the United States as alleged in this Complaint. Venue in the Middle District of Tennessee is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

**GENERAL ALLEGATIONS**

25. Plaintiff Gibson is engaged in the business of developing, manufacturing and selling, musical instruments and related equipment and systems, including but not limited to electric guitars and acoustic guitars under the famous trademark Gibson® as well as other trademarks.

NY 71371797v3

26. Gibson has been is the business of making guitars for over one hundred years. Gibson guitars are sold worldwide, have worldwide recognition and have won awards for their design.

27. Gibson is also is engaged in the business of developing, manufacturing and selling, selling music playing devices, systems and amplifiers, under various trademarks, but most notably, under the famous Wurlitzer® trademark.

28. Gibson is the sole owner of United States Patent No. 5,990,405, entitled "System And Method For Generating And Controlling A Simulated Musical Concert Experience," which issued on November 23, 1999 (the '405 Patent).

29. The inventors of the '405 Patent are Don R. Auten, of Nashville, Tennessee, Richard T. Akers of Antioch, Tennessee, and Richard Gembar of Mount Juliet, Tennessee.

30. The '405 Patent is directed to systems and apparatuses for electronically simulating participation in a musical performance. A copy of the '405 Patent is attached hereto at Exhibit 1 and is incorporated by reference.

## THE INFRINGING PRODUCTS AT ISSUE

31. Defendants have and continue to manufacture and/or sell products that infringe, contribute to the infringement of, and/or have no other substantial non-infringing uses, and/or induce the infringement of at least claims 1, 13-15, 25 and 28 of the '405 Patent.

7

NY 71371797v3

**The Guitar Hero® Series of Products**

32. Upon information and belief, Defendant Harmonix created, developed, sold and/or induced the sale of a series of video games under the tradename, "Guitar Hero®," including but not limited to "Guitar Hero®" (Version I), "Guitar Hero® II," and "Guitar Hero® Encore: Rock the 80s."

33. Upon information and belief, a third party created, developed, sold and/or induced the sale of "Guitar Hero® III, Legends of Rock."

34. Upon information and belief, "Guitar Hero® III, Legends of Rock" shares at least some of the technology used in the "Guitar Hero®" (Version I), "Guitar Hero® II," and "Guitar Hero® Encore: Rock the 80s" products. The series of video games sold under the tradename, "Guitar Hero®" including but not limited to "Guitar Hero®" (Version I), "Guitar Hero® II", "Guitar Hero® Encore: Rock the 80's," and "Guitar Hero® III, Legends of Rock" are collectively referred to herein as the "Guitar Hero® Video Games."

35. The Guitar Hero® Video Games were designed for use with various video game consoles, including but not limited to Nintendo® Wii™, Sony Playstation® 2, Sony Playstation® 3, and XBOX360®.

36. Among the products sold by the Retail Defendants that infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent are the Guitar Hero® Video Games.

37. Various Guitar Hero® components, including but not limited to guitar style instruments, are sold separately and together with a one or more versions of the Guitar Hero® Video Games.

38. Various Guitar Hero® components, including but not limited to guitar style instruments, are sold together with a one or more versions of the Guitar Hero® Video Games and marketed as a Guitar Hero® "bundle."

39. The Guitar Hero® Video Games and the Guitar Hero® components, whether sold together with the Guitar Hero® Video Games or separately, are collectively referred to herein as the "Guitar Hero Products."

40. The Guitar Hero Products created and developed, and sold or caused to be sold by Defendant Harmonix infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent.

41. Upon information and belief, Defendants Harmonix sold or caused the sale of the Guitar Hero Products in this district via several retailers of video games both with websites and physical stores located in Nashville, Tennessee and other cities in this district.

42. The Guitar Hero Products infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent.

**The Rock Band® Series of Products**

43. Upon information and belief, Defendant Harmonix created, developed and/or has sold and continues to sell a video game under the tradename "Rock Band$^{TM}$."

44. Upon information and belief, the Rock Band$^{TM}$ video game was developed for use with various video game consoles, including but not limited to Nintendo Wii™, Sony Playstation® 2, Sony Playstation® 3, and XBOX360®.

45. Among the products sold by the Retail Defendants that infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent are Rock Band$^{TM}$ video game.

9

46. Upon information and belief, various Rock Band™ components, including but not limited to guitar style instruments, drums, and microphones, are sold separately and together with the Rock Band™ video game in a boxed set.

47. The Rock Band™ video game and the Rock Band™ components, whether sold together with the Rock Band™ video game or separately, are collectively referred to herein as the "Rock Band Products."

48. The Rock Band Products created, developed and sold by Defendant Harmonix infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent.

49. Upon information and belief, Defendant MTV publishes, markets, sells, and/or induces others to sell and use the Rock Band Products, which infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent.

50. Upon information and belief, Defendant EA is the exclusive distributor of the Rock Band Products and therefore sells and/or induces others to sell and use the Rock Band Products, which infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent.

51. Upon information and belief, Defendants Harmonix, MTV and EA sold or caused the sale of the Rock Band Products in this district via several retailers of video games both with websites and physical stores located in Nashville, Tennessee and other cities in this district.

52. The Rock Band Products infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent.

NY 71371797v3

**Infringing Sales**

53. The Guitar Hero Products and the Rock Band Products collectively referred to herein as the "Infringing Products."

54. Upon information and belief, the Retail Defendants sold, offer for sale, and continue to sell Infringing Products in this district at least via their websites.

55. Upon information and belief, Defendants Walmart, Target, Kmart, Sears, GameStop and Toy-R-Us maintain physical stores that sold, offer for sale, and continue to sell Infringing Products in the United States including in Nashville, Tennessee and other cities in this district.

**Audio/Visual Gaming Products**

56. The Retail Defendants also sell video displays, video game consoles, and audio equipment that can be part of systems that infringe the '405 Patent.

57. Upon information and belief, the Retail Defendants sold and continue to sell the Guitar Hero Products together with one or more of the following: video displays, video game consoles, and/or audio equipment.

58. Upon information and belief, the Retail Defendants also sold and continue to sell the Rock Band Products together with one or more of the following: video displays, video game consoles, and/or audio equipment.

59. The Guitar Hero Products and/or the Rock Band Products sold together with video displays, video game consoles, and/or audio equipment are collectively referred to herein as the "Audio/Visual Gaming Products."

60. The Audio/Visual Gaming Products sold by the Retail Defendants infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent.

61. Upon information and belief, the Retail Defendants sold and continue to sell the Audio/Visual Gaming Products into this district at least via their websites.

62. Upon information and belief, Defendants Walmart, Target, K-mart, GameStop and Toy-R-US maintain physical stores that sold and continue to sell the Audio/Visual Gaming Products in the United States including in Nashville, Tennessee and other cities in this district.

## COUNT I FOR PATENT INFRINGEMENT

63. Plaintiff Gibson repeats and realleges each and every allegation of paragraphs 1-62, as though fully set forth herein.

64. Upon information and belief, Defendants have either directly infringed, committed contributory infringement of, or induced infringement of, and continue to directly infringe, commit contributory infringement of, or induce infringement of the '405 Patent.

65. The aforesaid past acts and continuing acts of Defendants constitute willful infringement and/or if continued will constitute willful infringement of the '405 patent.

66. The aforesaid past acts and continuing acts of Defendants are in violation of 35 U.S.C. §271 et seq. of the Patent Act.

67. Gibson has been damaged and will continue to be damaged by the aforesaid infringement unless Defendants are enjoined, preliminarily and permanently, from selling and offering for sale infringing products or otherwise inducing or contributing to the infringement of the '405 Patent. Gibson has no adequate remedy at law.

12

NY 71371797v3

WHEREFORE, plaintiff prays for the following relief:

a) That the Defendants be adjudged to have infringed United States Patent No. 5,990,405;

b) That such infringement be deemed willful where appropriate;

c) that Defendants, their respective officers, agents, servants, employees and attorneys and all persons in active concert or in participation with them who receive actual notice of the order by personal service or otherwise, be preliminarily and permanently enjoined and restrained from infringing, contributing to infringement and inducing others to infringe the subject patent;

d) that Plaintiff be awarded its damages by reason of Defendants infringement of the subject patent;

e) that this case be deemed an exceptional case under 35 U.S.C. § 285 and plaintiff be awarded attorney fees and treble damages;

f) that Plaintiff be awarded its costs and expenses including reasonable attorney fees; and

g) that Plaintiff have such other and further relief which the Court may deem just or proper under the circumstances.

NY 71371797v3

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Gibson hereby demands a trial by jury of all issues so triable.

Dated: Nashville, Tennessee
April 4, 2008

Respectfully submitted,

/s/ Douglas R. Pierce
Douglas R. Pierce, BPR No. 10084
KING & BALLOW
1100 Union Street Plaza
315 Union Street
Nashville, Tennessee 37201
(615) 259-3456


OF COUNSEL:

STROOCK & STROOCK & LAVAN LLP
Matthew W. Siegal
Angie M. Hankins
Richard Eskew
Jason M. Sobel
180 Maiden Lane
New York, New York 10038-4982
212-806-5400

Attorneys for Plaintiff
Gibson Guitar Corp.

# CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of April 2008, a true and correct copy of the foregoing Amended Complaint was served by U.S. mail postage prepaid and properly addressed on:

1. Wal-Mart Stores, Inc.
   c/o: C T Corporation System
   800 S. Gay Street
   Suite 2021
   Knoxville, TN 37929-9710

2. Target Corporation
   Registered Agent: C T Corporation System
   800 S. Gay Street
   Suite 2021
   Knoxville, TN 37929-9710

3. Amazon.com, Inc.
   c/o: Corporation Service Company
   2908 Poston Avenue
   Nashville, TN 37203

4. Toys-R-Us, Inc.
   c/o: The Prentice-hall Corporation Systems, Inc.
   2908 Poston Avenue
   Nashville, TN 37203

5. GameStop, Inc.
   c/o: C T Corporation System
   800 S. Gay Street
   Suite 2021
   Knoxville, TN 37929-9710

6. K-Mart Corporation
   c/o: C T Corporation System
   800 S. Gay Street
   Suite 2021
   Knoxville, TN 37929-9710

/s/ Douglas R. Pierce

NY 71371797v3