# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF TENNESSEE

# NASHVILLE DIVISION

| | |
|---|---|
| GIBSON GUITAR CORPORATION,<br><br>    Plaintiff,<br><br> v.<br><br>WAL-MART STORES, INC., TARGET CORPORATION, KMART CORPORATION, SEARS ROEBUCK & CO., AMAZON.COM, INC., GAMESTOP CORP., TOYS-R-US INC., HARMONIX MUSIC SYSTEMS, INC., MTV (a division of Viacom International, Inc.), and ELECTRONIC ARTS INC.,<br><br>    Defendants. | **Civil Action No. 3:08-0279**<br><br>United States District Judge<br>Thomas A. Wiseman, Jr.<br><br>United States Magistrate Judge<br>Juliet E. Griffin |

## MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND REINSTATE RULE 26(d) STAY OF DISCOVERY

Defendants Harmonix Music Systems, Inc., Viacom International Inc. (erroneously named herein as "MTV"), and Electronic Arts Inc. (collectively the "Viacom Defendants"), joined by defendants Amazon.com, Inc., GameStop Corp., Toys-R-Us, Inc., Wal-Mart Stores Inc., Target Corp., Kmart Corp., and Sears, Roebuck and Co. (collectively the "Retailer Defendants"), respectfully request that the Court continue the Initial Case Management Conference, currently set for May 12, 2008, to a date following the Court's resolution of several dispositive motions that the defendants intend to file early next week. Defendants also respectfully request that the Court reinstate the Rule 26(d) stay of discovery that it lifted by Order dated March 31, 2008 (the "March 31 Order"), before the Viacom Defendants were made parties to this action.

## BACKGROUND

On March 11, 2008, Activision Publishing, Inc. ("Activision"), which publishes the "Guitar Hero" series of video games (the "Guitar Hero Games"), filed a declaratory judgment action against Gibson Guitar Corp. ("Gibson") in the United States District Court for the Central District of California. In that action, Activision seeks a declaration that U.S. Patent No. 5,990,405 ("the '405 patent"), allegedly owned by Gibson, is invalid, unenforceable, and not infringed by the sale of the Guitar Hero Games.

Less than one week later, Gibson filed this action against the Retailer Defendants (with the exception of Sears, which was added in the Amended Complaint), accusing them of infringing the '405 patent through their sale of the Guitar Hero Games. Just three days later, Plaintiff filed a second suit in this district, this time against the Viacom Defendants (the "Standalone Action"). The Standalone Action, styled *Gibson Guitar*

*Corp. v. Harmonix Music Systems, Inc., et al.*, Civil Action No. 3:08-0294, alleges that the Viacom Defendants directly and indirectly infringed the '405 patent by manufacturing, distributing, and selling the Guitar Hero Games and a separate video game known as "Rock Band" (the "Rock Band Game").

On April 4, 2008, only days after filing the two separate actions against the Retailer Defendants and the Viacom Defendants, Plaintiff filed an Amended Complaint in this action, adding the Viacom Defendants to this suit as defendants. Plaintiff also amended its claims against the Retailer Defendants to add claims that they also infringe the '405 Patent by selling the Rock Band Game (in addition to the Guitar Hero Games). Though the Amended Complaint asserts the precise claims against the Viacom Defendants that had already been asserted against them in the Standalone Action, Plaintiff has not sought to voluntarily dismiss the Standalone Action. The Viacom Defendants' and Retailer Defendants' responses to Plaintiff's Amended Complaint must be filed no later than May 14, 2008.

When Plaintiff initially brought this action against the Retailer Defendants, the Court set the Initial Case Management Conference for April 28, 2008. By motion dated March 28, 2008 (D.E. 12), Plaintiff requested that the Initial Case Management Conference be rescheduled to May 12, 2008, at 12:00 noon, which the Court granted in its March 31 Order. In that Order (D.E. 14), which was entered before the Viacom Defendants were made parties to this case, the Court also lifted, *sua sponte*, the Rule 26(d) stay of discovery.

# ARGUMENT

## I. The Case Management Conference Should Be Continued.

### A. The Case Management Conference Should Be Stayed Pending Resolution Of The Defendants' Dispositive Motions.

Defendants have filed, or shortly will file, various applications and motions that will have a significant impact on how, and even if, this matter continues:

- Last Friday, April 25, 2008, the Viacom Defendants filed an *Ex Parte* Request for Reexamination of the '405 patent in the U.S. Patent and Trademark Office (the "PTO").

- Next week, the Viacom Defendants will file motions to stay this action and the Standalone Action pending the PTO's reexamination of the '405 patent. As the Viacom Defendants will establish in those motions, a stay of this action pending reexamination will ensure proper consideration of the patent issues, conserve resources, and avoid conflicting rulings on invalidity, all without prejudicing Plaintiff's ability to pursue its claims against the defendants once the PTO's reexamination has concluded. Should the motions be granted, any scheduling issues will obviously be moot.

- Also next week, the Viacom Defendants will file a motion to dismiss the claims against them in this action as duplicative of those filed in the Standalone Action.

- With regard to Plaintiffs' efforts to proceed here against the Retailer Defendants, on April 24, 2008, Activision filed a motion in the Central District of California to enjoin Plaintiff from prosecuting this action against the Retailer Defendants based

on, <u>inter alia</u>, the first-to-file rule and the customer-suit doctrine.

- The Retailer Defendants will shortly file a related motion in this action similar to the motion filed in the first-filed California action that may dispose of this action. As with the motion for stay pending reexamination, a ruling on either of these motions could significantly impact, and even dispose of, this action.

Defendants submit that the Initial Case Management Conference should be delayed until all of these motions are resolved.

### B. The Case Management Conference Should Be Stayed Pending Resolution Of Joint Representation Issues.

Plaintiff's amending of the Complaint to add claims concerning the Rock Band Game has raised a number of issues concerning joint representation that need to be addressed. When this case was originally filed it only involved the Retailer Defendants, with claims against them based solely on their sale of Activision's Guitar Hero Games. Now there are claims in this suit against the Retailer Defendants for selling the Viacom Defendants' Rock Band Game, as well as claims directly against the Viacom Defendants.

The true defendants in this action are Activision and the Viacom Defendants, who are direct competitors. Although Activision is not a party to this case, the fact that the Retailer Defendants have been sued for selling Activision's products has necessarily involved Activision. Due to the relationship between the Retailer Defendants, the Viacom Defendants, and Activision, some joint representation between all defendants is likely, and Defendants are diligently working to address the issues related to such joint representation. Due to the number of parties involved, however, resolving such issues

will take time.

The status of the defendants' representation will likely have a significant effect on issues that will be addressed at the Initial Case Management Conference. Accordingly, it would be beneficial to both the Court and the parties to continue the Initial Case Management Conference until after these issues have been resolved.

### C. The Case Management Conference Should Be Stayed Until After All The Defendants Have Answered Or Otherwise Responded To The Complaint.

By this Court's Order, Defendants have until May 14 to respond to Plaintiff's Amended Complaint, two days *after* the date on which the Initial Case Management Conference is scheduled. In responding to the Amended Complaint, Defendants will set forth their responses and/or affirmative defenses to the allegations against them, and any counterclaims against Plaintiff, all of which will have a material effect on discovery and other pretrial scheduling. As the primary focus of the Initial Case Management Conference is case scheduling, it makes little sense for the Initial Case Management Conference to take place prior to the May 14 deadline to respond to the Amended Complaint.

## II. The Court Should Reinstate the Rule 26(d) Discovery Stay.

In its Order granting Plaintiff's Motion to Reschedule Case Management Conference, the Court also modified the customary and default discovery procedure by lifting, *sua sponte*, the Rule 26(d) stay of discovery. (D.E. 14.) This Order was entered on March 31, 2008, *before* the Amended Complaint was filed adding the Viacom Defendants to this action. But in its Order moving the date for Defendants to respond to

the Amended Complaint, the Court asserted that its March 31 Order "remains in full force and effect." (D.E. 27.) Arguably, this action had the effect of lifting the stay of discovery as to the Viacom Defendants, as well as all other parties, even though the Viacom Defendants were not parties at the time the discovery stay was initially lifted. This is presumably why Plaintiff has already served Requests for Production of Documents on the Viacom Defendants. The Viacom Defendants believe that, at least as to them, this discovery request was premature because they were not parties to the case at the time of the March 31 Order. Nonetheless, as a matter of clarity, fairness, and conservation of resources for all parties, Defendants respectfully submit the Court should reinstate the Rule 26(d) stay of discovery as to all parties.

Based on Plaintiff's Requests for Production, it appears that the document discovery in this case will be extensive. It would be illogical, however, to engage in such costly and time-consuming discovery at this point. As discussed above, Defendants will shortly file motions that may dispose of this case in its entirety, or at least result in a stay. Indeed, the present Motion seeks to continue the Case Management Conference, which was the primary thrust of the March 31 Order. Neither judicial economy nor fairness would be served by engaging in the discovery process prior to resolution of these issues.

## **CONCLUSION**

Conducting the Initial Case Management Conference and responding to expansive and burdensome discovery while important and potentially dispositive motions are pending, joint representation issues are being addressed, and responsive pleadings have yet to be filed would be an inefficient use of the Court's resources and would needlessly

consume a substantial amount of the parties' time and expense. The Viacom Defendants, joined by the Retailer Defendants, ask for only a brief continuance of the Case Management Conference—until the pending motions are resolved—that will not in any way prejudice Plaintiff's ability to timely prosecute its claims, and for the Court to reinstate typical discovery practice under Rule 26(d). Any minimal delay is far outweighed by the cost to the Court and the parties of participating in a premature Initial Case Management Conference and engaging in premature discovery.

For the foregoing reasons, Defendants respectfully request this Court continue the Initial Case Management Conference to a date following resolution of the aforementioned dispositive motions and reinstate the Rule 26(d) stay of discovery.

Dated: April 30, 2008                    Respectfully submitted,


By: /s/ Aubrey B. Harwell, III
    Aubrey B. Harwell, III


WILLIAM T. RAMSEY, No. 9245
AUBREY B. HARWELL, III, No. 17394
NEAL & HARWELL, PLC
Suite 2000, One Nashville Place
150 4th Avenue North
Nashville, TN 37219-2498
Telephone: (615) 244-1713
Facsimile: (615) 726-0573


MARK A. SAMUELS (*pro hac vice*)
ROBERT M. SCHWARTZ (*pro hac vice*)
WILLIAM J. CHARRON (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407


Attorneys for Defendants Harmonix Music Systems, Inc., Viacom International Inc. (erroneously named herein as "MTV Networks"), and Electronic Arts Inc.

By: /s/ Samuel D. Lipshie (by Aubrey B. Harwell III w/ express permission)
      Samuel D. Lipshie

Samuel D. Lipshie, No. 9538
Thor Y. Urness, No. 13641
Jonathan D. Rose, No. 20967
BOULT CUMMINGS CONNERS BERRY, PLC
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203
Telephone: (615) 252-2332

Counsel for Defendants Wal-Mart Stores Inc., Sears, Roebuck & Co., Target Corporation, Kmart Corporation, Amazon.com, Inc., GameStop Corporation, and Toys-R-Us, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April 2008, I caused a true and correct copy of the foregoing:

<u>MOTION TO CONTINUE INITIAL CASE MANAGEMENT CONFERENCE AND REINSTATE RULE 26(d) STAY OF DISCOVERY</u>

to be served via the Court's electronic filing system upon the following counsel of record:

Douglas R. Pierce, Esq.
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
Telephone: (615) 259-3456
Facsimile: (615) 726-5419

Matthew W. Siegal, Esq.
Richard Eskew, Esq.
Jason M. Sobel, Esq.
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
Telephone: (212) 806-5400
Counsel for Plaintiff Gibson Guitar Corporation

                                                      /s/ Aubrey B. Harwell, III
                                                      Aubrey B. Harwell, III