# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF TENNESSEE

# NASHVILLE DIVISION

| | |
|---|---|
| GIBSON GUITAR CORPORATION,<br><br>               Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., GAMESTOP CORPORATION, TOYS-R-US INC., WAL-MART STORES, INC., TARGET CORPORATION, AND KMART CORPORATION, SEARS ROEBUCK & CO, HARMONIX MUSIC SYSTEMS, INC., MTV, and ELECTRONIC ARTS INC.,<br><br>               Defendants. | Civil Action No. 3:08-0279<br><br>United States District Judge<br>Thomas A. Wiseman, Jr.<br><br>United States Magistrate Judge<br>Juliet Griffin<br><br>**Jury Demand** |

## THE VIACOM DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT AS TO THE VIACOM DEFENDANTS

Defendants Harmonix Music Systems, Inc., Viacom International Inc. (erroneously named in the Complaint as "MTV Networks"), and Electronic Arts Inc. (collectively, "Viacom Defendants") respectfully submit the following memorandum of law in support of their Motion to Dismiss the Amended Complaint as to the Viacom Defendants.

## I. INTRODUCTION

Plaintiff Gibson Guitar Corporation has filed two lawsuits in this Court, each of them alleging infringement of the same patent by the Viacom Defendants. No plaintiff has such a right. Despite the Viacom Defendants' repeated requests to Gibson to dismiss them from one of the suits, Gibson stubbornly insists on pursuing identical claims against them in both actions at the same time. Gibson has declined to offer any reason for doing so, presumably because there is none—other than to harass the Viacom Defendants and put them to the needless expense of defending the identical claims in two lawsuits at the same time.

This Court has the inherent power to put an end to such impropriety, both to protect defendants from vexatious, cumulative and expensive litigation, and to promote judicial economy and the efficient disposition of cases. For these reasons, and as further explained below, the Viacom Defendants respectfully request that the Court grant their Motion to Dismiss the Amended Complaint as to the Viacom Defendants.

## II. STATEMENT OF FACTS

On March 11, 2008, Activision Publishing, Inc. ("Activision"), which publishes the "Guitar Hero" series of video games (the "Guitar Hero Games"), filed a declaratory judgment action against Gibson Guitar Corporation ("Gibson") in the United States District Court for the Central District of California. In that action, Activision seeks a declaration that U.S. Patent No. 5,990,405 ("the '405 patent"), allegedly owned by Gibson, is invalid, unenforceable, and not infringed by the sale of the Guitar Hero Games.

Less than one week later, Gibson commenced this patent infringement action in what appears to have been a clear attempt to evade Activision's choice of forum. Rather than name Activision in this suit -- which would have revealed its litigation proliferation scheme -- Gibson instead brought this suit against Activision's customers, defendants Amazon.com, Inc., GameStop Corp., Toys-R-Us, Inc., Wal-Mart Stores Inc., Target Corp., Kmart Corp., and Sears, Roebuck and Co. (collectively the "Retailer Defendants"). In its complaint, Gibson accused the Retailer Defendants of infringing the '405 patent through their sale of Activision's Guitar Hero Games. Activision's motion to enjoin Gibson's pursuit of this case against its customers is pending before the Court in the Central District of California, and Activision's parallel motion to dismiss or stay this case is pending before this Court. Both motions are based on the familiar "first to file" and "customer suit" doctrines.

Three days after commencing this suit against Activision's customers, Plaintiff filed a *second* suit in this Court for infringement of the '405 patent, this time against the

2

Viacom Defendants (the "Standalone Action"). The Standalone Action, styled *Gibson Guitar Corp. v. Harmonix Music Systems, Inc., et al.*, Civil Action No. 3:08-0294, alleges that the Viacom Defendants directly and indirectly infringe the '405 patent by manufacturing, distributing, and selling a video game known as "Rock Band" (the "Rock Band Game"), and by their role in the original creation of the Guitar Hero Games now owned by Activision. The Viacom Defendants have each filed an Answer and Counterclaims in the Standalone Action.[1]

On April 4, 2008, only days after filing the two separate actions against the Retailer Defendants and the Viacom Defendants, Plaintiff filed an Amended Complaint in this action, adding the Viacom Defendants to this suit as defendants.[2] The claims added against the Viacom Defendants by the Amended Complaint are the precise claims that Gibson had already asserted against the Viacom Defendants in the Standalone Action. Although the claims against the Viacom Defendants in the two actions are identical, Plaintiff has expressly refused to voluntarily dismiss either set of identical claims against the Viacom Defendants. By this motion, the Viacom Defendants seek the Court's assistance in curtailing Gibson's campaign of proliferating needless and wasteful litigation.

---

[1] Defendants Harmonix and Viacom filed an Answer and Counterclaims in the Standalone Action on April 14, 2008. Defendant Electronic Arts filed an Answer and Counterclaims in the Standalone Action on April 18, 2008.

[2] Plaintiff also amended its claims against the Retailer Defendants to add claims that they also infringe the '405 Patent by selling the Rock Band Game (in addition to the Guitar Hero Games).

## III. ARGUMENT

### A. Gibson Should Not Be Permitted To Pursue Identical Claims Against The Same Defendants In The Same Forum.

A federal court has the inherent power to administer its own docket, and that power includes the discretion to dismiss (or stay) duplicative suits and claims. *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997) ("the general principle is to avoid duplicative litigation") (quoting C*olorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)); *Friends of the Earth, Inc. v. Crown Central Petroleum Corp.,* 95 F.3d 358, 362 (5th Cir. 1996) (district court has the authority to dismiss a duplicative claim filed by the same plaintiff); *Oliney v. Gardner,* 771 F.2d 856, 859 (5th Cir. 1985) (complaint alleging same cause of action as contained in a prior complaint may be dismissed); *Lawson v. United States*, 2008 WL 304859, at *1 (E.D. Tenn. Jan. 31, 2008) ("It is within a district court's power to dismiss a suit that is duplicative of another federal court suit.").[3]

When faced with redundant litigation, courts typically dismiss the duplicative case because "plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank*, 226 F.3d. 133, 138-39 (2d Cir. 2000) (affirming district court's dismissal of duplicative claims); *see also Missouri v. Prudential Health Care Plan, Inc*., 259 F.3d 949, 953-54 (8th Cir. 2001) (district court may dismiss one of two identical pending actions); *Finch v. Huahes Aircraft Co*., 926 F.2d 1574, 1577 (Fed. Cir. 1991) ("A trial court has discretion to

---

[3] Pursuant to Local Rule 7.01(e)(5), all opinions cited in this memorandum that are not reported in one of the publications of the West Publishing Company are attached hereto.

dismiss a complaint which simply duplicates another pending related action."). Federal courts routinely dismiss duplicative cases and claims before them, regardless of where the other case or claims are pending. *Colorado River*, 424 U.S. at 817 (one case in federal court and the other in state court); *Time Warner Cable, Inc. v. USA Video Technology Corp.*, 520 F. Supp. 2d 579 (D. Del. 2007) (cases in two different federal district courts); *Serlin v. Arthur Andersen Co.*, 3 F.3d 221, 224 (7th Cir. 1993) (both cases in the same district); *Friends of the Earth*, 95 F.3d at 359-60 (both cases before the same United States District Judge).

Exercising the inherent judicial power to dismiss a duplicative case furthers sound policy. It avoids "wasteful use of scarce judicial resources" and fosters the "comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952); *Prudential Health Care,* 259 F.3d at 950-51. Indeed, it has been observed by this Court that allowing duplicative litigation undermines both "the legitimacy of the court system in the eyes of the public and fairness to the individual litigants." *Iron Workers of W. Penn. Pension Plan v. Caremark RX, Inc.,* 2007 WL 60927, at *5 (M.D. Tenn. Jan. 5, 2007) ("[J]udicial economy is not the only value that is placed in jeopardy. The legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits.") (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 694 (7th Cir. 1985)).

### 1. The claims against the Viacom Defendants in this case and the Standalone Action are duplicative.

Different courts have used varying approaches in evaluating whether or not a claim is duplicative. For example, the Second Circuit has stated that "[t]he complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Curtis*, 226 F.3d. at 138. Other courts, such as the Ninth Circuit, have borrowed the familiar "transaction test" applied to claim preclusion in determining whether to dismiss duplicative parties, causes of action, and relief. *See, e.g., Adams v. California Dep't of Health Services*, 487 F.3d 684, 688-89 (9th Cir. 2007).

Under any conceivable test, the claims that Gibson is pursuing against the Viacom Defendants in this case are duplicative of those it is pursuing in the Standalone Action. In fact, they are identical. Both in this case and in the Standalone Action, Gibson asserts a single cause of action against the Viacom Defendants—that the Viacom Defendants, through their manufacture and sale of the Rock Band Game and their involvement in the creation of the Guitar Hero Games, infringe the '405 Patent. The specific claims of the '405 Patent that Gibson accuses the Viacom Defendants of infringing, claims 1-3, 11, 13-15, 25 and 28, are the same in each suit. Even the language of the allegations and claims against the Viacom Defendants, as well as the prayers for relief, are identical:[4]

---

[4] Other sections of the two Complaints are also identical but have been omitted for brevity. *Compare, e.g.*, Amended Complaint (attached hereto as Exhibit A) ¶¶ 25-27, 29 *with* Standalone Action Complaint (attached hereto as Exhibit B) ¶¶ 10-12, 14.

| Para. No. | Standalone Action Complaint | Para. No. | Amended Complaint |
|---|---|---|---|
| | **GENERAL ALLEGATIONS** | | |
| 13. | Gibson is the sole owner of United States Patent No. 5,990,405 entitled "System And Method For Generating And Controlling A Simulated Musical Concert Experience," which issued on November 23, 1999 (the '405 Patent). | 28. | Gibson is the sole owner of United States Patent No. 5,990,405 entitled "System And Method For Generating And Controlling A Simulated Musical Concert Experience," which issued on November 23, 1999 (the '405 Patent). |
| 15. | The '405 Patent is directed to systems and apparatuses for electronically simulating participation in a musical performance. A copy of the '405 Patent is attached hereto at Exhibit 1 and is incorporated by reference. | 30. | The '405 Patent is directed to systems and apparatuses for electronically simulating participation in a musical performance. A copy of the '405 Patent is attached hereto at Exhibit 1 and is incorporated by reference. |
| | **THE INFRINGING PRODUCTS AT ISSUE** | | |
| 16. | Defendants have and continue to manufacture and/or sell products that infringe, contribute to the infringement of and/or induce the infringement of at least claims 1, 13-15, 25 and 28 of the '405 Patent and/or have no other substantial non-infringing uses. | 31. | Defendants have and continue to manufacture and/or sell products that infringe, contribute to the infringement of and/or induce the infringement of at least claims 1, 13-15, 25 and 28 of the '405 Patent and/or have no other substantial non-infringing uses. |
| 17. | Upon information and belief, Defendant Harmonix created, developed, sold and/or induced the sale of a series of video games under the tradename, "Guitar Hero®," including but not limited to Guitar Hero® I, Guitar Hero® II and Guitar Hero® Encore: Rock the 80s. | 32. | Upon information and belief, Defendant Harmonix created, developed, sold and/or induced the sale of a series of video games under the tradename, "Guitar Hero®," including but not limited to "Guitar Hero®" (Version I), "Guitar Hero® II" and "Guitar Hero® Encore: Rock the 80s." |

| Para. No. | Standalone Action Complaint | Para. No. | Amended Complaint |
|---|---|---|---|
| 21. | The Guitar Hero Products created, developed and sold by Defendant Harmonix infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent. | 40. | The Guitar Hero Products created, developed and sold by Defendant Harmonix infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent. |
| 22. | Upon information and belief, Defendant sold or caused to be sold the Guitar Hero Products into this district via several retailers of video games both with websites and physical stores located in Nashville, Tennessee and other cites in this district. | 41. | Upon information and belief, Defendant sold or caused to be sold the Guitar Hero Products into this district via several retailers of video games both with websites and physical stores located in Nashville, Tennessee and other cites in this district. |
| 23. | Upon information and belief, Defendant Harmonix created, developed and/or sold a series of video games under the tradename "Rock Band™." | 43. | Upon information and belief, Defendant Harmonix created, developed and/or sold a series of video games under the tradename "Rock Band™." |
| 28. | Upon information and belief, Defendant MTV publishes, markets, sells, and/or induces others to sell and use the Rock Band Products, which infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent. | 49. | Upon information and belief, Defendant MTV publishes, markets, sells, and/or induces others to sell and use the Rock Band Products, which infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent. |
| 29. | Upon information and belief, Defendant EA is the exclusive distributor of the Rock Band Products and therefore sells and/or induces others to sell and use the Rock Band Products, which infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent. | 50. | Upon information and belief, Defendant EA is the exclusive distributor of the Rock Band Products and therefore sells and/or induces others to sell and use the Rock Band Products, which infringe, contribute to the infringement of and/or induce the infringement of the '405 Patent. |

| Para. No. | Standalone Action Complaint | Para. No. | Amended Complaint |
|---|---|---|---|
| 30. | Upon information and belief, Defendants sold or caused to be sold the Rock Band Products into this district via several retailers of video games both with website and physical stores located in Nashville, Tennessee and other cities in this district. | 51. | Upon information and belief, Defendants Harmonix, MTV and EA sold or caused to be sold the Rock Band Products into this district via several retailers of video games both with website and physical stores located in Nashville, Tennessee and other cities in this district. |

**COUNT I FOR PATENT INFRINGEMENT**

| | | | |
|---|---|---|---|
| 32. | Upon information and belief, Defendants have either directly infringed, committed contributory infringement of, or induced infringement of, and continue to directly infringe, commit contributory infringement of, or induce infringement of the '405 Patent. | 64. | Upon information and belief, Defendants have either directly infringed, committed contributory infringement of, or induced infringement of, and continue to directly infringe, commit contributory infringement of, or induce infringement of the '405 Patent. |
| 33. | The aforesaid past acts and continuing acts of Defendants constitute willful infringement and/or if continued will constitute willful infringement of the '405 patent. | 65. | The aforesaid past acts and continuing acts of Defendants constitute willful infringement and/or if continued will constitute willful infringement of the '405 patent. |
| 34. | The aforesaid past acts and continuing acts of Defendants are in violation of 35 U.S.C. §271 et seq. of the Patent Act. | 66. | The aforesaid past acts and continuing acts of Defendants are in violation of 35 U.S.C. §271 et seq. of the Patent Act. |

| Para. No. | Standalone Action Complaint | Para. No. | Amended Complaint |
|---|---|---|---|
| 35. | Gibson has been damaged and will continue to be damaged by the aforesaid infringement unless Defendants are enjoined, preliminary and permanently, from selling and offering for sale infringing products or otherwise inducing or contributing to the infringement of the '405 Patent. Gibson has no adequate remedy at law. | 67. | Gibson has been damaged and will continue to be damaged by the aforesaid infringement unless Defendants are enjoined, preliminary and permanently, from selling and offering for sale infringing products or otherwise inducing or contributing to the infringement of the '405 Patent. Gibson has no adequate remedy at law. |

**RELIEF REQUESTED**

| | | | |
|---|---|---|---|
| a. | That the Defendants be adjudged to have infringed United states Patent No. 5,990,405; | a. | That the Defendants be adjudged to have infringed United states Patent No. 5,990,405; |
| b. | That such infringement be deemed willful where appropriate; | b. | That such infringement be deemed willful where appropriate; |
| c. | that Defendants, the respective officers, agents, servants, employees and attorneys and all persons in active concert in or in participation with them who receive actual notice of the order by personal service or otherwise, be preliminarily and permanently enjoined and restrained from infringing, contributing to infringement and inducing others to infringe the subject patent; | c. | that Defendants, the respective officers, agents, servants, employees and attorneys and all persons in active concert in or in participation with them who receive actual notice of the order by personal service or otherwise, be preliminarily and permanently enjoined and restrained from infringing, contributing to infringement and inducing others to infringe the subject patent; |
| d. | that Plaintiff be awarded its damages by reason of Defendants infringement of the subject patent; | d. | that Plaintiff be awarded its damages by reason of Defendants infringement of the subject patent; |

| Para. No. | Standalone Action Complaint | Para. No. | Amended Complaint |
|---|---|---|---|
| e. | that this case be deemed an exception case under 35 U.S.C. § 285 and plaintiff be awarded attorney fees and treble damages; | e. | that this case be deemed an exception case under 35 U.S.C. § 285 and plaintiff be awarded attorney fees and treble damages; |
| f. | that plaintiff be awarded its costs and expenses including reasonable attorney fees; and | f. | that plaintiff be awarded its costs and expenses including reasonable attorney fees; and |
| g. | that Plaintiff have such other and further relief which the Court may deem just or proper under the circumstances. | g. | that Plaintiff have such other and further relief which the Court may deem just or proper under the circumstances. |

It is evident from the foregoing that the claims against the Viacom Defendants in this case are identical to those being pursued in the Standalone Action, and Gibson has simply cut and pasted them into its Amended Complaint here.

The *only* difference between this suit and the Standalone Action is that this action also involves claims by Gibson against the Retailer Defendants. That circumstance does not change the fact that <u>as to the Viacom Defendants</u>, the cases are absolutely identical. The joinder of additional parties in this case does not justify Gibson's maintenance of identical claims here and in another action against the Viacom Defendants, and there is no law to remotely suggest otherwise.

### 2. The claims against the Viacom Defendants should be dismissed.

The Standalone Action was the first in which Gibson asserted claims against the Viacom Defendants. Shortly thereafter, Gibson filed and served its Amended Complaint in this case, asserting the same claims against the Viacom Defendants. When it was

pointed out to Gibson that it had identical claims pending against the Viacom Defendants in two lawsuits, Gibson suggested that it might dismiss the Standalone Action. (Declaration of Mark A. Samuels ¶ 2.) As the clock ticked down to the Viacom Defendants' deadline to respond to the complaint in the Standalone Action, Gibson changed its mind and elected not to dismiss as it had earlier suggested it would. The Viacom Defendants therefore proceeded to file their respective Answer in the Standalone Action. (*Id.*)

Having been forced to respond to the complaint in the Standalone Action after Gibson suddenly declined to dismiss it, the Viacom Defendants then asked Gibson to dismiss its duplicative claims against them in this case. (*Id.* at ¶ 3, Ex. A.) This time, Gibson flatly refused -- offering no coherent explanation at all and simply stating "we are not 'dismissing' anything or giving up any of our rights." (*Id.*)

Gibson has no right to harass the Viacom Defendants by pursuing identical claims against them in separate suits at the same time, and has offered no explanation for its stubborn insistence on doing so. Nor is there any conceivable justification for Gibson's imposition in this way on the Court's resources. Gibson will suffer no prejudice if the claims against the Viacom Defendants are dismissed from this suit, as it is prosecuting the very same claims in the Standalone Action.

## IV. CONCLUSION

For all of the foregoing reasons, the Viacom Defendants respectfully request that this Court dismiss the Amended Complaint as to them.

Dated: May 6, 2008                    Respectfully submitted,


                                      By: /s/ Aubrey B. Harwell, III
                                           Aubrey B. Harwell, III


                                      WILLIAM T. RAMSEY, No. 9245
                                      AUBREY B. HARWELL, III, No. 17394
                                      NEAL & HARWELL, PLC
                                      Suite 2000, One Nashville Place
                                      150 4th Avenue North
                                      Nashville, TN  37219-2498
                                      Telephone:   (615) 244-1713
                                      Facsimile:    (615) 726-0573

                                      MARK A. SAMUELS (*pro hac vice*)
                                      ROBERT M. SCHWARTZ (*pro hac vice*)
                                      WILLIAM J. CHARRON (*pro hac vice*)
                                      O'MELVENY & MYERS LLP
                                      400 South Hope Street
                                      Los Angeles, CA  90071-2899
                                      Telephone:   (213) 430-6000
                                      Facsimile:    (213) 430-6407

                                      Attorneys for Defendants Harmonix Music
                                      Systems, Inc., Viacom International Inc.
                                      (erroneously named in the Complaint as
                                      "MTV Networks"), and Electronic Arts
                                      Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May 2008, I caused a true and correct copy of the foregoing:

**THE VIACOM DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT AS TO THE VIACOM DEFENDANTS**

to be served via hand delivery and via the Court's electronic filing system upon the following counsel of record:

Douglas R. Pierce, Esq.
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN  37201
Telephone:  (615) 259-3456
Facsimile:   (615) 726-5419

and to be served via the Court's electronic filing system upon the following counsel of record:

Samuel D. Lipshie
Thor Y. Urness
Jonathan D. Rose
BOULT CUMMINGS CONNERS BERRY, PLC
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN  37203
Telephone:  (615) 252-2332
Counsel for Defendants Wal-Mart Stores Inc., Sears Roebuck & Co., Target Corporation, Kmart Corporation, Amazon.com, Inc., GameStop Corporation, and Toys-R-Us, Inc.

Matthew W. Siegal, Esq.
Richard Eskew, Esq.
Jason M. Sobel, Esq.
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
Telephone:  (212) 806-5400
Counsel for Plaintiff Gibson Guitar Corporation

                                                /s/ Aubrey B. Harwell, III
                                                Aubrey B. Harwell, III