# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF TENNESSEE

# NASHVILLE DIVISION

| | |
|---|---|
| GIBSON GUITAR CORPORATION,<br><br>                Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., GAMESTOP CORPORATION, TOYS-R-US INC., WAL-MART STORES, INC., TARGET CORPORATION, AND KMART CORPORATION, SEARS ROEBUCK & CO, HARMONIX MUSIC SYSTEMS, INC., MTV, and ELECTRONIC ARTS INC.,<br><br>                Defendants. | **Civil Action No. 3:08-0279**<br><br>United States District Judge<br>Thomas A. Wiseman, Jr.<br><br>United States Magistrate Judge<br>Juliet Griffin<br><br>**Jury Demand** |

## MOTION FOR A STAY PENDING U.S.P.T.O.'S REEXAMINATION OF THE PATENT IN SUIT

Defendants Harmonix Music Systems, Inc., Viacom International Inc. (erroneously named herein as "MTV Networks"), and Electronic Arts Inc. (collectively the "Viacom Defendants"), joined by defendants Amazon.com, Inc., GameStop Corp., Toys-R-Us, Inc., Wal-Mart Stores Inc., Target Corp., Kmart Corp., and Sears, Roebuck and Co. (collectively the "Retailer Defendants"), move the Court to stay proceedings in this case pending the U.S. Patent & Trademark Office's ("PTO") reexamination of the patent in suit, U.S. Patent No. 5,990,405 ("the '405 Patent").

The grounds for this motion are as follows:

(a) On April 24, 2008, a Request for *Ex Parte* Reexamination of the '405 Patent was filed with the PTO. The request, which raises a substantial new question of patentability, asks the PTO to cancel some or all of the claims in the patent based on substantial prior art, or to narrow the scope of the patent's claims with regard to their potential coverage of the defendants' activities. Indeed, even if the claims survive, but are narrowed by the patentee, a result that occurs frequently, this will have a significant impact on claim construction, and Gibson will be unable to collect any damages prior to the date its patent emerges from reexamination.

(b) The benefits of allowing the PTO to resolve the validity of the Plaintiff's patent claim prior to proceeding with litigation substantially outweigh any minimal prejudice to Plaintiff that might result from a stay. The advantages of a stay are tremendous: until the PTO's reexamination is complete, the patent claims are a moving target subject to cancellation, amendment, or the addition of new claims. The indeterminate status of the claims will complicate and frustrate any orderly procession of

this action, leaving the Court and the parties with insufficient guidance on issues such as the proper scope of discovery, claim construction, and which (if any) patent claims will ultimately be in dispute at trial. The Court's construction of any relevant patent claims that survive reexamination will benefit from the PTO's technical expertise in considering the prior art cited in the reexamination request. On the other side of the equation, any possible prejudice to Plaintiff that might result from a stay is negligible.

Filed in support of this motion are Memorandum In Support Of Motion For A Stay Pending U.S.P.T.O.'s Reexamination Of The Patent In Suit and the Declaration of William J. Charron.

Dated: May 7, 2008              Respectfully submitted,


                                By: /s/ Aubrey B. Harwell, III
                                    Aubrey B. Harwell, III


                                WILLIAM T. RAMSEY
                                AUBREY B. HARWELL, III
                                NEAL & HARWELL, PLC
                                Suite 2000, One Nashville Place
                                150 4th Avenue North
                                Nashville, TN  37219-2498
                                Telephone:   (615) 244-1713
                                Facsimile:    (615) 726-0573

                                MARK A. SAMUELS (*pro hac vice*)
                                ROBERT M. SCHWARTZ (*pro hac vice*)
                                WILLIAM J. CHARRON (*pro hac vice*)
                                O'MELVENY & MYERS LLP
                                400 South Hope Street
                                Los Angeles, CA  90071-2899
                                Telephone:   (213) 430-6000
                                Facsimile:    (213) 430-6407

                                Attorneys for Defendants
                                Harmonix Music Systems, Inc., Viacom
                                International Inc.
                                (erroneously named in the Complaint as
                                "MTV Networks"), and Electronic Arts
                                Inc.

By: /s/ Samuel D. Lipshie (by Aubrey B. Harwell III w/ express permission)
      Samuel D. Lipshie

Samuel D. Lipshie
Thor Y. Urness
Jonathan D. Rose
BOULT CUMMINGS CONNERS BERRY, PLC
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203
Telephone: (615) 252-2332

Counsel for Defendants Wal-Mart Stores Inc., Sears, Roebuck & Co., Target Corporation, Kmart Corporation, Amazon.com, Inc., GameStop Corporation, and Toys-R-Us, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May 2008, I caused a true and correct copy of the foregoing:

**MOTION FOR A STAY PENDING U.S.P.T.O.'s REEXAMINATION OF THE PATENT IN SUIT**

to be served via hand delivery and via the Court's electronic filing system upon the following counsel of record for plaintiff:

Douglas R. Pierce, Esq.
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
Telephone: (615) 259-3456
Facsimile: (615) 726-5419

and to be served via the Court's electronic filing system upon the following counsel of record for plaintiff:

Matthew W. Siegal, Esq.
Richard Eskew, Esq.
Jason M. Sobel, Esq.
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
Telephone: (212) 806-5400

                                          /s/ Aubrey B. Harwell, III
                                            Aubrey B. Harwell, III

LA2:860409.1