# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF TENNESSEE

# NASHVILLE DIVISION

| | |
|---|---|
| GIBSON GUITAR CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., GAMESTOP CORPORATION, TOYS-R-US INC., WAL-MART STORES, INC., TARGET CORPORATION, AND KMART CORPORATION, SEARS ROEBUCK & CO, HARMONIX MUSIC SYSTEMS, INC., MTV, and ELECTRONIC ARTS INC.,<br><br>        Defendants. | Civil Action No. 3:08-0279<br><br>United States District Judge<br>Thomas A. Wiseman, Jr.<br><br>United States Magistrate Judge<br>Juliet Griffin<br><br>**Jury Demand** |

## MOTION FOR HEARING ON MOTION FOR A STAY PENDING U.S.P.T.O.'S REEXAMINATION OF THE PATENT IN SUIT

Defendants Harmonix Music Systems, Inc., Viacom International Inc. (erroneously named herein as "MTV Networks"), and Electronic Arts Inc. (collectively the "Viacom Defendants"), joined by defendants Amazon.com, Inc., GameStop Corp., Toys-R-Us, Inc., Wal-Mart Stores Inc., Target Corp., Kmart Corp., and Sears, Roebuck and Co. (collectively the "Retailer Defendants"), respectfully request the Court set a hearing on the contemporaneously filed Motion For a Stay Pending U.S.P.T.O's Reexamination of Plaintiff's Sole Patent at Issue in this Case.

There is only one piece of intellectual property at issue in this action: U.S. Patent No. 5,990,405 ("the '405 Patent"). On April 24, 2008, a Request for *Ex Parte* Reexamination of the '405 Patent was filed with the PTO. The request, which raises a substantial new question of patentability, asks the PTO to cancel some or all of the claims in the patent based on substantial prior art, or to narrow the scope of the patent's claims with regard to their potential coverage of the defendants' activities. Indeed, even if the claims survive, but are narrowed by the patentee, a result that occurs frequently, this will have a significant impact on claim construction, and Gibson will be unable to collect any damages prior to the date its patent emerges from reexamination.

The benefits of allowing the PTO to resolve the validity of the Plaintiff's patent claim prior to proceeding with litigation substantially outweigh any minimal prejudice to Plaintiff that might result from a stay. The advantages of a stay are tremendous: until the PTO's reexamination is complete, the patent claims are a moving target subject to cancellation, amendment, or the addition of new claims. The indeterminate status of the

claims will complicate and frustrate any orderly procession of this action, leaving the Court and the parties with insufficient guidance on issues such as the proper scope of discovery, claim construction, and which (if any) patent claims will ultimately be in dispute at trial. The Court's construction of any relevant patent claims that survive reexamination will benefit from the PTO's technical expertise in considering the prior art cited in the reexamination request. On the other side of the equation, any possible prejudice to Plaintiff that might result from a stay is negligible.

Because a stay pending reexamination will have a significant impact on the procession of this case, it is imperative that counsel have the opportunity to fully articulate their positions and respond to the Court's concerns with respect to staying this action pending the PTO's reexamination of the only patent at issue in this case. Thus, the Viacom Defendants and Retailer Defendants respectfully request the Court set a hearing on the Motion for a Stay.

Dated: May 7, 2008                    Respectfully submitted,


By: /s/ Aubrey B. Harwell, III
    Aubrey B. Harwell, III


WILLIAM T. RAMSEY, No. 9245
AUBREY B. HARWELL, III, No. 17394
NEAL & HARWELL, PLC
Suite 2000, One Nashville Place
150 4th Avenue North
Nashville, TN  37219-2498
Telephone:    (615) 244-1713
Facsimile:     (615) 726-0573

MARK A. SAMUELS (*pro hac vice*)
ROBERT M. SCHWARTZ (*pro hac vice*)
WILLIAM J. CHARRON (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:    (213) 430-6000
Facsimile:     (213) 430-6407

Attorneys for Defendants Harmonix Music Systems, Inc., Viacom International Inc. (erroneously named in the Complaint as "MTV Networks"), and Electronic Arts Inc.

By: /s/ Samuel D. Lipshie (by Aubrey B. Harwell III w/ express permission)
      Samuel D. Lipshie

Samuel D. Lipshie
Thor Y. Urness
Jonathan D. Rose
BOULT CUMMINGS CONNERS BERRY, PLC
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203
Telephone: (615) 252-2332

Counsel for Defendants Wal-Mart Stores Inc., Sears, Roebuck & Co., Target Corporation, Kmart Corporation, Amazon.com, Inc., GameStop Corporation, and Toys-R-Us, Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of May 2008, I caused a true and correct copy of the foregoing:

**MOTION FOR HEARING ON MOTION FOR A STAY PENDING U.S.P.T.O.'s REEXAMINATION OF THE PATENT IN SUIT**

to be served via hand delivery and via the Court's electronic filing system upon the following counsel of record for plaintiff:

Douglas R. Pierce, Esq.
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
Telephone: (615) 259-3456
Facsimile: (615) 726-5419

and to be served via the Court's electronic filing system upon the following counsel of record for plaintiff:

Matthew W. Siegal, Esq.
Richard Eskew, Esq.
Jason M. Sobel, Esq.
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
Telephone: (212) 806-5400

          /s/ Aubrey B. Harwell, III
          Aubrey B. Harwell, III

LA2:860411.1