# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF TENNESSEE

# NASHVILLE DIVISION

| | |
|---|---|
| GIBSON GUITAR CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC., GAMESTOP CORPORATION, TOYS-R-US INC., WAL-MART STORES, INC., TARGET CORPORATION, KMART CORPORATION, SEARS, ROEBUCK & CO, HARMONIX MUSIC SYSTEMS, INC., MTV, and ELECTRONIC ARTS INC.,<br><br>        Defendants. | Civil Action No. 3:08-0279<br><br>United States District Judge<br>Thomas A. Wiseman, Jr.<br><br>United States Magistrate Judge<br>Juliet Griffin<br><br>**Jury Demand** |

### ANSWER AND COUNTERCLAIMS OF DEFENDANTS HARMONIX MUSIC SYSTEMS, INC., VIACOM INTERNATIONAL INC. (ERRONEOUSLY NAMED HEREIN AS "MTV NETWORKS"), AND ELECTRONIC ARTS INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT

COME NOW Defendants Harmonix Music Systems, Inc., Viacom International Inc. (erroneously named herein as "MTV Networks"), and Electronic Arts Inc., and for their Answer to the Amended Complaint of Plaintiff Gibson Guitar Corporation ("Gibson") admit, deny, and allege as follows:

1. Answering Paragraph 1, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

2. Answering Paragraph 2, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

3. Answering Paragraph 3, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

4. Answering Paragraph 4, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

5. Answering Paragraph 5, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

6. Answering Paragraph 6, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

7. Answering Paragraph 7, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

8. Answering Paragraph 8, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

9. Answering Paragraph 9, Defendants respond that said paragraph does not contain any factual allegations susceptible to admission or denial.

10. Answering Paragraph 10, Defendants admit that Harmonix Music Systems, Inc. ("Harmonix") is a Delaware corporation with its principal place of business located at 625 Massachusetts Avenue, Cambridge, MA 02139.

11. Answering Paragraph 11, Defendants admit that MTV Networks ("MTVN") is a division of Viacom International Inc., which is a Delaware corporation with its principal place of business located at 1515 Broadway, New York, NY 10036.

12. Answering Paragraph 12, Defendants admit that Electronic Arts Inc. ("EA") is a Delaware corporation with its principal place of business located at 209 Redwood Shores Parkway, Redwood City, CA 94065.

13. Answering Paragraph 13, Defendants respond that said paragraph does not contain any factual allegations susceptible to admission or denial.

14. Answering Paragraph 14, Defendants admit and allege that subject matter jurisdiction purports to be based on 28 U.S.C. §§ 1331 and 1338(a), and 35 U.S.C. §§ 271 *et seq*.

15. Answering Paragraph 15, Defendants admit and allege that venue purports to be based on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), and allege that the remaining allegations in Paragraph 15 are not directed toward Defendants and therefore require no response. Except as expressly admitted above, Defendants deny each and all of the allegations contained in Paragraph 15.

16. Answering Paragraph 16, Defendants admit and allege that venue purports to be based on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), and allege that the remaining allegations in Paragraph 16 are not directed toward Defendants and therefore require no response. Except as expressly admitted above, Defendants deny each and all of the allegations contained in Paragraph 16.

17. Answering Paragraph 17, Defendants admit and allege that venue purports to be based on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), and allege that the remaining allegations in Paragraph 17 are not directed toward Defendants and therefore require no response. Except as expressly admitted above, Defendants deny each and all of the allegations contained in Paragraph 17.

18. Answering Paragraph 18, Defendants admit and allege that venue purports to be based on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), and allege that the remaining allegations in Paragraph 18 are not directed toward Defendants and therefore require no

response. Except as expressly admitted above, Defendants deny each and all of the allegations contained in Paragraph 18.

19. Answering Paragraph 19, Defendants admit and allege that venue purports to be based on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), and allege that the remaining allegations in Paragraph 19 are not directed toward Defendants and therefore require no response. Except as expressly admitted above, Defendants deny each and all of the allegations contained in Paragraph 19.

20. Answering Paragraph 20, Defendants admit and allege that venue purports to be based on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), and allege that the remaining allegations in Paragraph 20 are not directed toward Defendants and therefore require no response. Except as expressly admitted above, Defendants deny each and all of the allegations contained in Paragraph 20.

21. Answering Paragraph 21, Defendants admit and allege that venue purports to be based on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), and allege that the remaining allegations in Paragraph 21 are not directed toward Defendants and therefore require no response. Except as expressly admitted above, Defendants deny each and all of the allegations contained in Paragraph 21.

22. Answering Paragraph 22, Defendants deny each and every allegation except admit and allege that venue purports to be based on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), and specifically deny that Harmonix has committed, directly or indirectly, any act of patent infringement in this district or elsewhere.

23. Answering Paragraph 23, Defendants deny each and every allegation except admit and allege that venue purports to be based on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), and specifically deny that MTVN has committed, directly or indirectly, any act of patent infringement in this district or elsewhere.

24. Answering Paragraph 24, Defendants deny each and every allegation except admit and allege that venue purports to be based on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), and specifically deny that EA has committed, directly or indirectly, any act of patent infringement in this district or elsewhere.

25. Answering Paragraph 25, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

26. Answering Paragraph 26, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

27. Answering Paragraph 27, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

28. Answering Paragraph 28, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations, except admit and allege that U.S. Patent No. 5,990,405 ("the '405 Patent"), on its face, bears the title and issuance date as set forth therein.

29. Answering Paragraph 29, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations, except admit and allege that the '405 Patent, on its face, names the individuals identified therein as co-inventors.

30. Answering Paragraph 30, Defendants admit and allege that Exhibit 1 to the Amended Complaint appears to be a copy of the '405 Patent, and that said patent speaks for itself. Except as expressly admitted above, Defendants deny each and every remaining allegation of Paragraph 30.

31. Defendants deny each and every allegation of Paragraph 31, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

32. Answering Paragraph 32, Defendants admit that Harmonix developed *Guitar Hero I*, *Guitar Hero II*, and *Guitar Hero Encore: Rocks the 80s*. Except as expressly admitted above, Defendants deny each and every remaining allegation of Paragraph 32, and specifically deny that Harmonix has infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

33. Answering Paragraph 33, Defendants allege that the allegations in said paragraph are not directed toward Defendants and therefore require no response. Except as expressly admitted above, Defendants deny each and all of the allegations contained in Paragraph 33.

34. Answering Paragraph 34, Defendants allege that they do not publish, distribute, or market the *Guitar Hero III: Legends of Rock* video game identified in the

first sentence of Paragraph 34, and therefore are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations. As for the second sentence of Paragraph 34, Defendants respond that said sentence does not contain any factual allegations susceptible to admission or denial.

35. Answering Paragraph 35, Defendants admit and allege that *Guitar Hero I* and *Guitar Hero Encore: Rocks the 80s* were designed for use with the PlayStation 2, and that *Guitar Hero II* was designed for use with the PlayStation 2 and Xbox 360. Except as expressly admitted above, Defendants deny each and every remaining allegation of Paragraph 35, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

36. Defendants deny each and every allegation of Paragraph 36 to the extent directed to their products, deny for lack of knowledge or information said allegations to the extent directed to others' products, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

37. Answering Paragraph 37, Defendants allege that they do not publish, distribute, or market *Guitar Hero* products or ancillary devices, and therefore are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

38. Answering Paragraph 38, Defendants allege that they do not publish, distribute, or market *Guitar Hero* products or ancillary devices, and therefore are without

knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each of those allegations.

39. Answering Paragraph 39, Defendants respond that said paragraph does not contain any factual allegations susceptible to admission or denial.

40. Defendants deny each and every allegation of Paragraph 40, and specifically deny that Harmonix has infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

41. Defendants deny each and every allegation of Paragraph 41, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

42. Defendants deny each and every allegation of Paragraph 42 to the extent directed to their products, deny for lack of knowledge or information said allegations to the extent directed to others' products, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

43. Answering Paragraph 43, Defendants admit that Harmonix created and developed *Rock Band*. Except as expressly admitted above, Defendants deny each and every remaining allegation of Paragraph 43, and specifically deny that Harmonix has infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

44. Answering Paragraph 44, Defendants admit that *Rock Band* was developed for use with the PlayStation 2, PLAYSTATION 3, and Xbox 360. Except as expressly

admitted above, Defendants deny each and every remaining allegation of Paragraph 44, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

45. Defendants deny each and every allegation of Paragraph 45, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

46. Answering Paragraph 46, Defendants admit that various game controllers compatible with *Rock Band* are sold separately as standalone peripherals and, in addition, are available and sold in conjunction with *Rock Band*. Except as expressly admitted above, Defendants deny each and every remaining allegation of Paragraph 46, and specifically deny that they sell or distribute any musical instruments, either separately or together with *Rock Band*, and further specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

47. Answering Paragraph 47, Defendants respond that said paragraph does not contain any factual allegations susceptible to admission or denial.

48. Defendants deny each and every allegation of Paragraph 48, and specifically deny that Harmonix has infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

49. Answering Paragraph 49, Defendants deny each and every allegation except admit and allege that MTVN, together with EA, publishes and markets *Rock Band* and compatible game controllers, and specifically deny that MTVN has infringed,

directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

50. Answering Paragraph 50, Defendants deny each and every allegation except admit and allege that EA distributes *Rock Band* and compatible game controllers, and specifically deny that EA has infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

51. Defendants deny each and every allegation of Paragraph 51, except admit and allege that *Rock Band* and various compatible game controllers have been placed into commerce within this judicial district, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

52. Defendants deny each and every allegation of Paragraph 52, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

53. Answering Paragraph 53, Defendants respond that said paragraph does not contain any factual allegations susceptible to admission or denial.

54. Answering Paragraph 54, Defendants allege that the allegations in said paragraph are not directed toward Defendants and therefore require no response. Except as expressly admitted above, Defendants deny each and all of the allegations contained in Paragraph 54.

55. Answering Paragraph 55, Defendants allege that the allegations in said paragraph are not directed toward Defendants and therefore require no response. Except

as expressly admitted above, Defendants deny each and all of the allegations contained in Paragraph 55.

56. Answering Paragraph 56, Defendants allege that the allegations in said paragraph are not directed toward Defendants and therefore require no response. Except as expressly admitted above, Defendants deny each and all of the allegations contained in Paragraph 56.

57. Answering Paragraph 57, Defendants allege that the allegations in said paragraph are not directed toward Defendants and therefore require no response. Except as expressly admitted above, Defendants deny each and all of the allegations contained in Paragraph 57.

58. Answering Paragraph 58, Defendants allege that the allegations in said paragraph are not directed toward Defendants and therefore require no response. Except as expressly admitted above, Defendants deny each and all of the allegations contained in Paragraph 58.

59. Answering Paragraph 59, Defendants respond that said paragraph does not contain any factual allegations susceptible to admission or denial.

60. Answering Paragraph 60, Defendants allege that the allegations in said paragraph are not directed toward Defendants and therefore require no response. Except as expressly admitted above, Defendants deny each and all of the allegations contained in Paragraph 60, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

61. Answering Paragraph 61, Defendants allege that the allegations in said paragraph are not directed toward Defendants and therefore require no response. Except as expressly admitted above, Defendants deny each and all of the allegations contained in Paragraph 61.

62. Answering Paragraph 62, Defendants allege that the allegations in said paragraph are not directed toward Defendants and therefore require no response. Except as expressly admitted above, Defendants deny each and all of the allegations contained in Paragraph 62.

63. Answering Paragraph 63, Defendants incorporate by this reference each and every admission, denial, and allegation set forth in Paragraphs 1 through 62, inclusive, of this Answer.

64. Defendants deny each and every allegation of Paragraph 64, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

65. Defendants deny each and every allegation of Paragraph 65, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

66. Defendants deny each and every allegation of Paragraph 66, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise, the asserted claims, or any other claims, of the '405 Patent.

67. Defendants deny each and every allegation of Paragraph 67, and specifically deny that they have infringed, directly, indirectly, contributorily or otherwise,

the asserted claims, or any other claims, of the '405 Patent and further specifically deny that Gibson has been, or will be, damaged in any manner or sum, or at all, as a result of any wrongful action on the part of Defendants.

As and for their separate and affirmative defenses, Defendants allege as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Non-Infringement and Absence of Liability for Infringement)**

68. Defendants, their products, their processes, and their activities have not infringed and do not infringe the asserted claims of the '405 Patent, nor have Defendants, or any of them, contributed to or induced infringement of the '405 Patent by any third party.

### SECOND AFFIRMATIVE DEFENSE
**(Invalidity)**

69. The '405 Patent, and each and every asserted claim thereof, is invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101 *et seq*.

### THIRD AFFIRMATIVE DEFENSE
**(Laches)**

70. Gibson is barred by the doctrine of laches from asserting the '405 Patent against Defendants.

### FOURTH AFFIRMATIVE DEFENSE
**(Estoppel)**

71. Gibson is estopped by its conduct from asserting the '405 Patent against Defendants.

### FIFTH AFFIRMATIVE DEFENSE
(Waiver)

72. Gibson has waived any objection to Defendants' actions as alleged in its Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE
(Remedies at Law)

73. Gibson's remedies at law are adequate, such that equitable relief would be inappropriate for any determined infringement of the '405 Patent.

### SEVENTH AFFIRMATIVE DEFENSE
(Duplicative Claims)

74. The Amended Complaint, and each and every purported claim against Defendants, is duplicative of claims asserted against them in the action filed in this Court styled *Gibson Guitar Corp. v. Harmonix Music Systems, Inc., et al.*, Civil Action No. 3:08-0294, and, for that reason, is subject to dismissal.

### COUNTERCLAIMS

Defendants assert the following Counterclaims against Gibson:

### JURISDICTION AND VENUE

1. Defendants' First and Second Counterclaims arise under 28 U.S.C. §§ 2201 and 2002 and seek declaratory relief as well as further relief based upon a declaratory judgment or decree. In the First Counterclaim, Defendants seek a judicial declaration that they do not infringe a United States patent. In the Second Counterclaim, Defendants

seek a judicial declaration that a United States patent is invalid. This Court has original jurisdiction over the First and Second Counterclaims under 28 U.S.C. § 1338(a).

2. Venue is proper in this district under 28 U.S.C. § 1391.

**PARTIES**

3. On information and belief, Counterclaim defendant Gibson is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 309 Plus Park Boulevard, Nashville, TN 37217.

4. Defendant and Counterclaim plaintiff Harmonix Music Systems, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Cambridge, Massachusetts.

5. Defendant and Counterclaim plaintiff Viacom International Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York.

6. Defendant and Counterclaim plaintiff Electronic Arts Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Redwood City, California.

**FIRST COUNTERCLAIM**
**(For Declaratory Judgment of Non-Infringement of the '405 Patent)**

7. Defendants incorporate here the foregoing admissions, denials, and allegations.

8. An actual controversy exists between Defendants, on the one hand, and Gibson, on the other hand, as to whether Defendants, their products, their processes, and

their activities infringe, contribute to the infringement of, or induce infringement of the '405 Patent, as Gibson contends, or do not do so, as Defendants contend.

9. By this Counterclaim, Defendants seek a declaration that they have not infringed and do not infringe the '405 Patent either literally or under the doctrine of equivalents. Further, Defendants seek a declaration that they have not contributed to or induced, and do not contribute to or induce, infringement of the '405 Patent by others. A judicial declaration is necessary and appropriate at this time in order that Defendants may ascertain their rights and duties with respect to the '405 Patent and with respect to any past, present, or future development, manufacture, use, importation, distribution, sale, or offer for sale of their products.

## SECOND COUNTERCLAIM
### (For Declaratory Judgment of Invalidity of the '405 Patent)

10. Defendants incorporate here the foregoing admissions, denials, and allegations.

11. An actual controversy exists between Defendants, on the one hand, and Gibson, on the other hand, as to whether the '405 Patent is valid, as Gibson contends, or is invalid for failure to comply with one or more of the requirements of patentability set forth in 35 U.S.C. §§ 101 *et seq*., as Defendants contend.

12. By this Counterclaim, Defendants seek a declaration that the '405 Patent, and each and every asserted claim thereof, is invalid. A judicial declaration is necessary and appropriate at this time in order that Defendants may ascertain their rights and duties

with respect to the '405 Patent and to any past, present, or future development, manufacture, use, importation, distribution, sale, or offer for sale of their products.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

A.  That Gibson takes nothing by its Amended Complaint and that its Amended Complaint be dismissed;

B.  That the Court determine and declare that Defendants, their products, their processes, and their activities have not infringed and do not infringe the '405 Patent;

C.  That the Court declare that Defendants have not contributed to or induced, and do not contribute to or induce, infringement of the '405 Patent by others;

D.  That the Court declare that the '405 Patent, and each and every asserted claim thereof, is invalid;

E.  That the Court award Defendants their attorneys' fees and litigation expenses under 28 U.S.C. § 1927 and 35 U.S.C. § 285, or on any other applicable basis;

F.  That the Court award Defendants their costs of suit; and

G. That Defendants receive such other and further relief as the Court deems appropriate.

Dated: May 14, 2008 Respectfully submitted,

By: /s/ Aubrey B. Harwell, III
    Aubrey B. Harwell, III

WILLIAM T. RAMSEY
AUBREY B. HARWELL, III
NEAL & HARWELL, PLC
Suite 2000, One Nashville Place
150 4th Avenue North
Nashville, TN 37219-2498
Telephone: (615) 244-1713
Facsimile: (615) 726-0573


MARK A. SAMUELS (*pro hac vice*)
ROBERT M. SCHWARTZ (*pro hac vice*)
WILLIAM J. CHARRON (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407


*Attorneys for Defendants Harmonix Music Systems, Inc., Viacom International Inc. (erroneously named herein as "MTV Networks"), and Electronic Arts Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May 2008, I caused a true and correct copy of the foregoing:

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS HARMONIX MUSIC SYSTEMS, INC., VIACOM INTERNATIONAL INC. (ERRONEOUSLY NAMED HEREIN AS "MTV NETWORKS"), AND ELECTRONIC ARTS INC. TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

to be served via the Court's electronic filing system upon the following counsel of record:

Samuel D. Lipshie
Thor Y. Urness
Jonathan D. Rose
BOULT CUMMINGS CONNERS BERRY, PLC
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203
Telephone: (615) 252-2332
*Counsel for Defendants Wal-Mart Stores, Inc., Sears, Roebuck & Co., Target Corporation, Kmart Corporation, Amazon.com, Inc., GameStop Corporation, and Toys-R-Us, Inc.*

Douglas R. Pierce, Esq.
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN 37201
Telephone: (615) 259-3456
Facsimile: (615) 726-5419

Matthew W. Siegal, Esq.
Richard Eskew, Esq.
Jason M. Sobel, Esq.
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
Telephone: (212) 806-5400
*Counsel for Plaintiff Gibson Guitar Corporation*

        /s/ Aubrey B. Harwell, III
        Aubrey B. Harwell, III