IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| GIBSON GUITAR CORP., | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) **Civil Action No. 3:08-0279** |
| v. | ) |
| | ) Judge Thomas A. Wiseman, Jr. |
| WAL-MART STORES INC., TARGET | ) Magistrate Judge Juliet Griffin |
| CORPORATION, KMART CORPORATION, | ) |
| SEARS, ROEBUCK & CO., AMAZON.COM, INC., | ) |
| GAMESTOP CORP., TOYS-R-US, INC., HARMONIX | ) |
| MUSIC SYSTEMS, INC., MTV (A DIVISION OF | ) |
| VIACOM INTERNATIONAL, INC.), AND | ) |
| ELECTRONIC ARTS, INC., | ) |
| | ) |
| DEFENDANTS. | ) |

_____

**PLAINTIFF, GIBSON CORP'S OPPOSITION OF THE MOTION TO DISMISS THE AMENDED COMPLAINT AS TO THE VIACOM DEFENDANTS**
_____

Plaintiff, Gibson Guitar Corp. ("Gibson"), hereby opposes the motion of Defendants, Harmonix Music Systems, Inc., Viacom International, Inc. (erroneously named as "MTV Networks"), and Electronic Arts, Inc. (collectively, the "Viacom Defendants") to dismiss the Amended Complaint as to the Viacom Defendants. Their motion would result in two parallel actions, as opposed to one consolidated action, which has been Gibson's goal.

**I.     INTRODUCTION**

The present motion is premature and based entirely on a misrepresentation of Gibson's position as it relates to consolidation of the present action (hereinafter referred to as the "Combined action") with a concurrently pending case, *Gibson Guitar Corp. v. Harmonix Music*

- 1 -

NY 71483146

*Systems, Inc. et al.*, Case No. 3:08:0294 (referred to by Defendants, and herein, as the "Standalone action"). Upon review of the statements of counsel leading up to the present dispute, it becomes clear that the Viacom Defendants' motion is frivolous and a waste of judicial resources. Gibson has sought a consolidated action against both the Viacom Defendants and their customers. As a result of the Viacom Defendants' premature filing, the parties and the Court will and have incurred unnecessary expense.

On several occasions, counsel for Gibson sought the Viacom Defendants' stipulation to consolidate the Combined action with the Standalone action. Specifically, on April 29, 2008, after having previously sought Mark A. Samuels (Viacom Defendants' counsel) agreement, Matthew Siegal (Gibson's counsel) sent an email stating, in relevant part: "I once again ask whether you agree to consolidate the two cases." (Declaration of Mark A. Samuels "Samuels Decl.," Ex. A at p. 2). In response, on May 1, 2008, Mr. Samuels stated the following:

> Re consolidation, I need to confer with counsel for the retailers. We have, as I indicated, issues re who will represent them in light of the amended complaint.
>
> Why don't you just dismiss my clients from that case?
>
> Seems entirely redundant of the claims in the other case?

(*Id.* at p. 1) Mr. Siegal promptly responded as follows:

> Harmonix is already part of that case. You would not be changing that case at all, so I don't know how it affects the retailers. **The issue is one of semantics**: dismissal versus consolidation. Given that we are not "dismissing" anything or giving up any of our rights, it would appear that **consolidation is the proper way to phrase the situation**.

(*Id.* at p. 1) (emphasis added to highlight text omitted by the Viacom Defendants' motion).) This was the last communication before the Viacom Defendants filed this Motion. Thus, it is clear

that Gibson seeks one case, wherein the Viacom Defendants seek two cases of significantly overlapping (but not identical) subject matter.

As evidenced by the email exchange, the parties were in the midst of discussing a mutually agreeable arrangement to deal with the Combined and Standalone actions. Far from refusing to deal with the issue, Gibson was actively seeking an out-of-court sensible resolution. The dispute, to the extent there was any, was about the proper procedure for handling the situation. However, the Viacom Defendants, as well as the retail defendants, seem to have been positioning themselves to try to convince the Court here, and in Los Angeles,[1] that the respective suits were similar enough to warrant a stay of the case against the retailers under the "first-to-file" rule. To this end, the Viacom Defendants goal was to separate from the Combined action, while the retail defendants coordinated their filing for a stay of the Combined action (*see* Motion, D.E. 37). As a result of this maneuvering, Gibson proceeded cautiously with respect to the procedure used to address the co-pendency of the two suits, while trying to preserve its earliest filing date against the Viacom Defendants. Rather than work the issue out, the Viacom Defendants filed this motion.

The Court has tabled the issue of consolidation pending the outcome of the various motions now before the Court [D.E. 45]. Therefore, the present is not the proper time for the

---

[1] Activision Publishing, Inc. filed a declaratory judgment action against Gibson in the Central District of California, Case No. CV-08-01653. In that case, Activision sought to have Gibson preliminarily enjoined from pursuing its case against the retailers in Tennessee based on the chronology of which case was filed first. That motion was denied as of May 20, 2008. (Declaration of Richard Eskew in support of Gibson's concurrently filed Opposition to Defendants' Motion To Dismiss Or, In The Alternative, To Stay This Action In Favor Of A First-Filed Action In The Central District Of California ("Gibson's Opposition of Stay"), Ex. A.) For similar reasons, as detailed in Gibson's Opposition of Stay, the Combined Action should be neither dismissed nor stayed as a result of Activision's anticipatorily filed suit in California.

- 3 -

NY 71483146

Court to order the Viacom Defendants dismissed from the Combined Action. Moreover, in equity, the Viacom Defendants should not be rewarded for their gamesmanship.

The two cases are clearly ripe for consolidation. The Standalone action involves common questions of law and fact with the Combined action and should be consolidated with the Combined action under Federal Rule of Civil Procedure 42. Normally Gibson would simply withdraw the Standalone action, but the Viacom Defendants have answered and pled counterclaims against Gibson. Thus, Gibson cannot unilaterally withdraw the Standalone action.

**II. ARGUMENT**

    **A. The Facts Of The Present Situation Do Not Support The Viacom Defendants' Position**

Gibson respectfully requests that the Court deny the Motion To Dismiss The Amended Complaint As To The Viacom Defendants. The premise of the motion is factually inaccurate and the issues raised by the motion will be addressed by the Court when it considers consolidation of the Combined action with the Standalone action.

The Viacom Defendants' motion is replete with unseemly and of unwarranted attacks on Gibson and its counsel. The Viacom Defendants inaccurately state that "Gibson stubbornly insists on pursuing identical claims against them in both actions at the same time." (Mem. at 1). Later, the Viacom Defendants accuse Gibson of "flatly refus[ing] - - offering no coherent explanation at all and simply stating 'we are not 'dismissing' anything or giving up any of our rights.'" (*Id.* at 12).

A review of the facts, in the absence of the bluster, reveals a starkly different story. Gibson repeatedly requested that the Viacom Defendants' counsel consider whether the Viacom Defendants would be opposed to consolidation. In fact, Mr. Siegal's last communication, which was misquoted in the Viacom Defendants' motion, referred again to consolidation. However, the

Viacom Defendants largely ignored these inquiries. Instead, it appears that the Viacom Defendants were intent on getting themselves dismissed from the Combined action, presumably to maneuver the standing of the two cases to support the subsequently filed motions to dismiss or stay.[2]

B. **The Law Cited By The Viacom Defendants Is Inapposite**

All of the cases cited by the Viacom Defendants concern cases in which courts seek to avoid "duplicative litigation." Gibson does not dispute the general principle raised by the Viacom Defendants (*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)),[3] but rather that such cases should not be applied to the Combined Action at this time due to the status of the cases and the Viacom Defendants' failure to explore an out-of-court resolution to the matter. Specifically, and with Gibson's cooperation, in its May 1 Order [D.E. 45], the Court reinstated the stay of discovery pursuant to Federal Rule of Civil Procedure 26(d)(1) pending resolution of the motions presently before the Court. Further, with Gibson's cooperation, the case management conference and other early-stage events, such as initial disclosures, have been tabled for now. Moreover, both cases are presently before this Court and

---

[2] Because the Viacom Defendants are likely to be required to indemnify the retailers, one can envision the Viacom Defendants later arguing that the retailers should be joined to the Standalone action, in the same vein that the retailers now argue that the Combined case should be stayed in light of the "manufacturer-customer" cases. It should be noted, however, that the issue of whether the cases should be consolidated is not the same inquiry as presented by the "manufacturer-customer" cases cited in support of dismissal in favor of a first-filed suit. Consolidation does not change the standing of the separate suits because "[a]lthough certain actions may be resolved together, each remains its separate character and requires entry of a separate judgment." *Tennessee Valley Authority v. An Easement and Right-of-Way Over 1.8 Acres*, 682 F. Supp. 353, 355 (M.D. Tenn. 1988) (citing 9 *C.A. Wright & A.R. Miller* § 2382 at 254 (1971 & Supp. 1987)). In contrast, the "manufacturer-customer" cases require a dismissal or stay of one case over another and involve a wholly different analysis and different considerations not present in the consolidation enquiry. *See* Gibson's Opposition.

[3] In the interests of brevity, Gibson does not offer an exhaustive analysis of the distinctions between this case and the cited cases, although it reserves the right to do so.

Magistrate Judge Griffin. As such, at this time, there can be no waste of judicial resources or duplicative efforts on the part of the Viacom Defendants.

**III. CONCLUSION**

Based on the foregoing, this Court should deny Viacom Defendants motion, and permit the parties to stipulate or move the Court to consolidate the Combined Action with *Gibson Guitar Corp. v. Harmonix Music Systems, Inc.*, Case No. 3-08-0294 after resolution of the retailers' Motion to Dismiss or, Alternative to Stay in Favor of the First-Filed Action in the Central District of California [D.E. 42].


Dated: Nashville, Tennessee
       May 21, 2008

                              Respectfully submitted,


                              /s Douglas R. Pierce
                              Douglas R. Pierce, BPR No. 10084
                              KING & BALLOW
                              1100 Union Street Plaza
                              315 Union Street
                              Nashville, Tennessee 37201
                              (615) 259-3456

                              STROOCK & STROOCK & LAVAN LLP
                              Matthew W. Siegal (*pro hac vice*)
                              Angie M. Hankins (*pro hac vice*)
                              Richard Eskew (*pro hac vice*)
                              Jason M. Sobel (*pro hac vice*)
                              180 Maiden Lane
                              New York, New York 10038-4982
                              212-806-5400

                              Attorneys for Plaintiff
                              Gibson Guitar Corp.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to:

| | |
|---|---|
| Samuel D. Lipshie, No. 009538 | William Taylor Ramsey (No. 9245) |
| BOLT, CUMMINGS, CONNERS & BERRY | Aubrey B. Harwell, III (No. 17394) |
| Roundabout Plaza | NEAL & HARWELL |
| 1600 Division Street, Suite 700 | 150 Fourth Avenue, North |
| Nashville, TN 37203 | 2000 First Union Tower |
| | Nashville, TN 37210 |
| | |
| Mark A Samuels | Edward J. DeFranco |
| Robert M. Schwartz | James Glass |
| William J. Charron | Quinn Emanuel Urquhart Oliver & Hedges, LLP |
| O'Melveny & Myers LLP | 51 Madison Ave, 22nd Floor |
| 400 South Hope Street | New York, NY 10010 |
| Los Angeles, CA 90071-2899 | |

on this the 21st day of May, 2008.

/s Douglas R. Pierce

NY 71483146