# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF TENNESSEE

# NASHVILLE DIVISION

| | |
|---|---|
| GIBSON GUITAR CORPORATION, | **Civil Action No. 3:08-0279** |
| Plaintiff, | United States District Judge Thomas A. Wiseman, Jr. |
| v. | United States Magistrate Judge Juliet Griffin |
| AMAZON.COM, INC., GAMESTOP CORPORATION, TOYS-R-US INC., WAL-MART STORES, INC., TARGET CORPORATION, AND KMART CORPORATION, SEARS ROEBUCK & CO, HARMONIX MUSIC SYSTEMS, INC., VIACOM INTERNATIONAL INC., and ELECTRONIC ARTS INC., | **Jury Demand** |
| Defendants. | |

## THE VIACOM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT AS TO THE VIACOM DEFENDANTS

Harmonix Music Systems, Inc., Viacom International Inc., and Electronic Arts Inc. (collectively, the "Viacom Defendants") respectfully submit this reply memorandum in further support of their Motion to Dismiss the Amended Complaint as to the Viacom Defendants.

## I. **INTRODUCTION**

In opposing the Viacom Defendants' Motion to Dismiss, Plaintiff Gibson Guitar Corporation ("Gibson") does not dispute that the claims it has asserted against the Viacom Defendants in this case are identical to those it is pursuing against them in the Standalone Action. Nor does Gibson explain to the Court why it should be entitled to pursue identical claims against the Viacom Defendants in separate suits at the same time.

Accordingly, in light of hornbook law making clear that plaintiffs should not be permitted to maintain duplicative actions, and in the interest of promoting judicial economy, the Motion to Dismiss should be granted.

## II. **GIBSON'S DUPLICATIVE CLAIMS SHOULD BE DISMISSED**

As set forth in the Viacom Defendants' moving papers, the law is clear that duplicative actions are to be avoided and that redundant claims should be dismissed. (Viacom Defs.' Mem. at 4-5.) *See, e.g., Curtis v. Citibank*, 226 F.3d 133, 138-39 (2d Cir. 2000) (affirming district court's dismissal of duplicative claims); *see also Twaddle v. Diem*, 200 Fed. Appx. 435, 438-39 (6th Cir. 2006) ("Simple dismissal of the second suit is a common disposition because plaintiffs have no right to maintain two actions on the

same subject in the same court, against the same defendant at the same time") (quoting *Curtis*, 226 F.3d at 138-39); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953-54 (8th Cir. 2001) (district court may dismiss one of two identical pending actions); *Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp.,* 95 F.3d 358, 362 (5th Cir. 1996) (district court has the authority to dismiss a duplicative claim filed by the same plaintiff); *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1577 (Fed. Cir. 1991) ("A trial court has discretion to dismiss a complaint which simply duplicates another pending related action.").

Gibson fails either to address the authorities the Viacom Defendants have cited, or to cite any case law of its own that is even remotely to the contrary. Instead, Gibson merely asserts, with no support or analysis whatsoever, that the cases cited by the Viacom Defendants "should not be applied" here. (Gibson Opp. at 5.)

Gibson goes on to explain, by footnote, that "[i]n the interest [sic] of brevity, Gibson does not offer an exhaustive analysis of the distinctions between this case and the cited cases, although it reserves the right to do so." (Gibson Opp. at 5 n.3.) Of course, not only has Gibson failed to provide an "*exhaustive analysis* of the distinctions between this case and the cited cases," it has provided *no analysis at all*.

Accordingly, because, as a matter of law, Gibson has "no right to maintain two actions on the same subject in the same court, against the same defendant at the same time," *Curtis*, 226 F.3d. at 138-39, the Court should grant the Motion to Dismiss.

### III. GIBSON'S OPPOSITION PROVIDES THE COURT WITH NO VALID BASIS TO REFRAIN FROM DISMISSING GIBSON'S REDUNDANT CLAIMS FROM THIS ACTION

Gibson does not address the undisputed fact that it has opted to pursue identical claims against the Viacom Defendants in two actions. Instead, in an attempt to avoid the usual judicial sanction for such impermissible conduct -- dismissal of the redundant claims -- Gibson argues that the Court should consolidate this action with the Standalone Action. (Gibson Opp. at 2-5.)

Gibson's suggestion is nonsensical as it does nothing to remedy Gibson's filing of wholly duplicative claims against the Viacom Defendants. Merely consolidating cases containing redundant claims, as Gibson urges, does not eliminate the redundancy that Gibson created; it simply means that the Court and the parties will need to address *consolidated* redundant claims. Gibson or the Court will still have to eliminate one set of claims against the Viacom Defendants, whether it be in this action or the Standalone Action.

Furthermore, despite its argument that the cases should be consolidated, Gibson has not moved to consolidate them. Nothing has prevented Gibson from moving to consolidate its two cases, nor was there anything preventing Gibson from doing so two months ago, instead of filing duplicative claims against the Viacom Defendants. Consolidation may be a logical second step in managing this action and the Standalone Action, but consolidation, whether it comes now or later, need not delay the Court's elimination of the redundant claims. Gibson's opposition fails to address any of these issues.

Accordingly, because Gibson is not allowed to file multiple identical complaints against a party, and because its suggestion of consolidation is not a remedy for the situation it created (nor is it properly before the Court in any event), the Court should dismiss the Amended Complaint as to the Viacom Defendants.

IV. **CONCLUSION**

For all of the foregoing reasons, and for the reasons set forth in their moving papers, the Viacom Defendants respectfully urge that the Court grant their Motion to Dismiss the Amended Complaint as to the Viacom Defendants.

Dated: May 29, 2008

Respectfully submitted,

By: /s/ Aubrey B. Harwell, III
Aubrey B. Harwell, III

MARK A. SAMUELS (*pro hac vice*)
ROBERT M. SCHWARTZ (*pro hac vice*)
WILLIAM J. CHARRON (*pro hac vice*)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

WILLIAM T. RAMSEY
AUBREY B. HARWELL, III
NEAL & HARWELL, PLC
Suite 2000, One Nashville Place
150 4th Avenue North
Nashville, TN 37219-2498
Telephone: (615) 244-1713
Facsimile: (615) 726-0573

*Attorneys for Defendants Harmonix Music Systems, Inc.,
Viacom International Inc. (erroneously named herein as "MTV Networks")
and Electronic Arts.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2008, I caused a true and correct copy of the foregoing:

**THE VIACOM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT AS TO THE VIACOM DEFENDANTS**

to be served via the Court's electronic filing system upon the following counsel of record:

Samuel D. Lipshie
Thor Y. Urness
Jonathan D. Rose
BOULT CUMMINGS CONNERS BERRY, PLC
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN  37203
Telephone:  (615) 252-2332

Edward J. DeFranco
James M. Glass
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
51 Madison Avenue
New York, NY  10010
Telephone:  (212) 849-7000
*Counsel for Defendants Wal-Mart Stores Inc., Sears Roebuck & Co., Target Corporation, Kmart Corporation, Amazon.com, Inc., GameStop Corporation, and Toys-R-Us, Inc.*

Douglas R. Pierce, Esq.
KING & BALLOW
315 Union Street, Suite 1100
Nashville, TN  37201
Telephone:  (615) 259-3456
Facsimile:   (615) 726-5419

Matthew W. Siegal, Esq.
Richard Eskew, Esq.
Jason M. Sobel, Esq.
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
Telephone:  (212) 806-5400
*Counsel for Plaintiff Gibson Guitar Corporation*

      /s/ Aubrey B. Harwell, III
        Aubrey B. Harwell, III

LA2:861622.3