IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Gibson Guitar Corporation,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **NO. 3:08-00279** |
| v. ) | |
| ) | **JURY DEMAND** |
| **Wal-Mart Stores, Inc., Target Corporation,** ) | |
| **Kmart Corporation, Sears, Roebuck & Co.,** ) | **Judge Wiseman** |
| **Amazon.com, Inc., GameStop Corporation,** ) | |
| **Toys-R-Us, Inc., Harmonix Music Systems,** ) | **Magistrate Judge Griffin** |
| **Inc., Viacom International, Inc., and** ) | |
| **Electronic Arts, Inc.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**RETAILER DEFENDANTS' OPPOSITION TO GIBSON GUITAR CORP.'S MOTION
TO FILE A SURREPLY TO THE RETAILER DEFENDANTS' JOINT MOTION TO
DISMISS OR, IN THE ALTERNATIVE, TO STAY THIS ACTION IN FAVOR OF A
FIRST-FILED ACTION IN THE CENTRAL DISTRICT OF CALIFORNIA**

# ARGUMENT

The Retailer Defendants hereby oppose Plaintiff Gibson Guitar Corporation's ("Gibson") application for Leave To File A Surreply. Surreplies are sanctioned by neither the Federal Rules of Civil Procedure, *Stairmaster Sports/Med. Prod. v. Pacific Fitness Corp.*, 916 F. Supp. 1049, 1051 n.1 (W.D. Wash. 1994), nor the Local Civil Rules of this Court, L.R. 7-10 ("Absent prior written order of the Court, the opposing party shall not file a response to the reply."). Gibson's Surreply here is particularly inappropriate because it identifies nothing that it could not have raised in its Opposition, and because it misstates both the law and the facts.

Gibson argues that a Surreply is necessary to clarify that it "never made a motion to dismiss or transfer the California Action." (Mot. Ex. A at 1.) This is misleading at best.

Although Gibson technically failed to separately cross-move for dismissal or transfer in California, it not only requested this relief in its Opposition, but also submitted a proposed transfer order. In its California Opposition, Gibson included a section entitled "Activision's Declaratory Judgment Action Should be Dismissed as a Matter of Convenience and Judicial Economy." (Opp. at 23); it consumed three pages arguing that the transfer factors under 28 U.S.C. § 1404(a) weighed in favor of its request; and it also included an alternative "Proposed Order" that the California Action be transferred. Further, Judge Pfaelzer expressly acknowledged and denied Gibson's dismissal and transfer request:

> [i]n addition to opposing Activision's motion for a preliminary injunction, Gibson requests dismissal of the patent claims or the transfer of them to the Tennessee Court pursuant to 28 U.S.C. § 1404(a). ***The Court denies both of Gibson's requests because the §1404(a) factors -- when combined with the general rule favoring the forum of the first-filed case -- favor adjudicating Activision's patent claims in this Court.***

(Supp. Glass Decl. Ex. A at 5.)

Having had its arguments squarely rejected in California, Gibson should not be permitted to propose (via surreply) that it never made them in the first place.

Gibson also attempts to use its Surreply to explain away its complete failure to distinguish Judge Pfaelzer's decision denying its request for dismissal and transfer. It does so by arguing for the first time that her decision does not apply because "the standards with respect to anticipatory litigation are considerably different in the 6th Circuit, as compared to the 9th Circuit." (Mot. Ex. A at 2.) This is, of course, incorrect. It is black-letter law that the first-to-file rule in patent cases is governed by the law of the **Federal Circuit**, not the Sixth or Ninth. *Genentech, Inc. v. Eli LIlly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (*overruled on other grounds*). Gibson is well-aware of this case, as Activision cited *Genentec* for this proposition in the very California motion at issue. Gibson's attempts to distinguish Judge Pfaelzer's decision are thus baseless.

### CONCLUSION

Gibson's request for leave to file a Surreply should be denied. Gibson identifies nothing that it could not have raised in its Opposition. Moreover, Gibson's proposed Surreply misapplies both the law and the facts pertaining to the California decision rejecting its request for a dismissal or transfer.

Dated: June 10, 2008

Respectfully submitted,

s/ Jonathan D. Rose
Samuel J. Lipshie (No. 9538)
Thor Y. Urness (No. 13641)
Jonathan D. Rose (No. 20967)
BOULT CUMMINGS CONNERS BERRY, PLC
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203
Telephone: (615) 252-2332
Facsimile: (615) 252-6332

Edward J. DeFranco (admitted *pro hac vice*)
James M. Glass (admitted *pro hac vice*)
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 443-7100

Harry A. Olivar, Jr. (admitted *pro hac vice*)
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
865 Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing is being filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to:

Douglas R. Pierce
King & Ballow
315 Union Street, Suite 1100
Nashville, TN  37210

Matthew W. Siegal
Richard Eskew
Jason M. Sobel
Stroock & Stroock & Lavan LLP
180 Maden Lane
New York, NY  10038-4982

William Taylor Ramsey
Aubrey B. Harwell, III
Neal & Harwell
150 Fourth Avenue, North
2000 First Union Tower
Nashville, TN  37210-2498

Mark A. Samuels
Robert M. Schwartz
William J. Charron
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA  90071-2899

on this the 10th day of June, 2008.

s/ Jonathan D. Rose
Jonathan D. Rose